[Civ. No. 6227. Fourth Dist. Jan. 27, 1960.]

BYRON J. WALTERS et al., Appellants, v. PINE COVE COUNTY WATER DISTRICT et al., Respondents.

Houston H. Slate and Block, Toler, Bulloch & Biggerstaff for Appellants.

Swarner & Fitzgerald for Respondents.

MONROE, J. pro tem.*—The petitioners and appellants, being the owners of land within the Pine Cove County Water District, petitioned that district to exclude their property therefrom. The petition was denied. This action was brought for a writ of mandate to compel the exclusion of the property from the district. The superior court granted the writ of mandate but directed the water district to hold supplemental and further hearings on due notice. The appeal is taken from that portion of the judgment whereby a supplemental and further hearing is ordered.

The appellants contend that the evidence before the board established without conflict that the property sought to be excluded would not be substantially or directly benefited by its continued inclusion in the district.

The proceedings for exclusion were pursuant to section 32200 et seq. of the Water Code. By section 32222 it is provided that after hearing the board shall order the exclusion in case ''The board determines that the land will not be substantially and directly benefited by its continued inclusion in the district.'' The trial court held, pursuant to the rules laid down in *Atchison etc. Ry. Co.* v. *Kings County Water District*, 47 Cal.2d 140 [302 P.2d 1], that the board erred and abused its discretion in refusing to exclude the property. At the hearing plaintiff Walters and plaintiffs' engineer testified that the land had an available sufficient water supply and that it would receive no benefit from being in the district. There was some evidence received in opposition to the application, but in that evidence, aside from mere matters of opinion, there was nothing substantial to the contrary. The trial court held, however, pursuant to the rules laid down in *Fascination, Inc.*

*Assigned by Chairman of Judicial Council.

v. *Hoover,* 39 Cal.2d 260 [246 P.2d 656], that the matter should be remanded to the board for further hearing. In the Fascination case the court stated that "it is settled that where determinative powers are vested in a local administrative agency and the court finds its decision lacks evidentiary basis, a hearing was denied or it was otherwise erroneous, it is proper procedure to remand the matter to the agency for further and proper proceedings rather than for the court to decide the matter on the merits."

"Where discretion has not been exercised, the definite thing commanded is to act, and where the limits of discretion have been exceeded, the definite thing commanded is to act within such limits." (32 Cal.Jur.2d, § 73, p. 282.) It is so provided in Code of Civil Procedure, section 1094.5, subdivision (e). It is for the court to determine, in view of all of the facts, whether the showing was such that it was mandatory that action be taken or whether, although the action of the board was unsupported by the evidence, a further consideration should be had. It is to be noted that in the Kings County water case the benefits to the property sought to be excluded may consist of benefits other than the immediate need for water for irrigation or domestic purposes. A careful review of the evidence which was introduced before the board does demonstrate that there was no sufficient evidence to justify the unqualified refusal to exclude, but on the other hand, there was some indication that there might exist some facts which would constitute a benefit to the property were proper evidence thereof produced. Furthermore, a reading of the record reveals that the members of the board seemed to be of the opinion that in passing upon the application they could take into consideration their own personal knowledge of conditions.

"Administrative tribunals which are required to make a determination after a hearing cannot act on their own information, and nothing can be considered as evidence that was not introduced at a hearing of which the parties had notice or at which they were present. . . . A contrary conclusion would be tantamount to requiring a hearing in form but not in substance, for the right of a hearing before an administrative tribunal would be meaningless if the tribunal were permitted to base its determination upon information received without the knowledge of the parties. A hearing requires that the party be apprised of the evidence against him so that he may have an opportunity to refute, test, and explain it, and the

requirement of a hearing necessarily contemplates a decision in light of the evidence there introduced." (*English* v. *City of Long Beach,* 35 Cal.2d 155 [217 P.2d 22, 18 A.L.R.2d 547].)

After a careful examination of the entire record we are in accord with the conclusion of the trial court that as a matter of sound discretion the matter should have been submitted to the board for further consideration and hearing in accordance with the rulings of the lower court and of this opinion.

Judgment affirmed.

Griffin, P. J., and Shepard, J., concurred.

A petition for a rehearing was denied February 18, 1960.