[Civ. No. 28271.   Second Dist., Div. One.   Aug. 3, 1965.]

SAMUEL M. FISHER, Plaintiff and Appellant, v. THE BOARD OF POLICE COMMISSIONERS OF THE CITY OF LOS ANGELES et al., Defendants and Respondents.

Frank Heller and Henry P. Crabtree for Plaintiff and Appellant.

Roger Arnebergh, City Attorney, Philip E. Grey, Assistant City Attorney, and Frank D. Wagner, Deputy City Attorney, for Defendants and Respondents.

WOOD, P. J.—Samuel M. Fisher filed applications for renewal of permits to operate a secondhand jewelry business and a secondhand general business at 8125 West Third Street in Los Angeles. After a hearing, regarding allegations that he had been convicted of a felony which related to his business, the Board of Police Commissioners notified him that his applications were denied. Fisher then petitioned the superior court for a writ of mandate to compel respondents (the board and its members) to issue permits to him. The court found

that there had not been a denial of the applications by a majority vote of the members of the board as required by the city charter, and made an order remanding the matter to respondents for action consistent with the court's findings. Fisher's notice of appeal states that he appeals from the judgment.

Appellant contends that since there was not a determination, by a majority of the board members, denying his applications, the permits should have been renewed automatically; and that the court erred in remanding the matter to the board.

On June 12, 1962, Fisher was arrested for allegedly purchasing stolen jewelry at his place of business. He was charged with receiving stolen property (a felony) and was found guilty as an accessory after the fact (accessory to such felony—violation of Pen. Code, § 32). He was placed on probation for 5 years.

On September 16, 1963, after Fisher had applied for renewal of the permits, he received from the Los Angeles Police Department a notice of the board's intention to deny the permits on the grounds of his said arrest, conviction, and probation. The notice also stated that in the event that he requested a hearing on the matter, the hearing would be on a certain date (stated therein). After a hearing thereon, the hearing examiner made a report wherein he recommended that the permits be granted subject to whatever conditions the board wished to impose. The report was filed with the board, and the board notified Fisher that it would conduct a hearing on the matter on November 20, 1963.

On November 20, three of the five commissioners were present when the matter was called for hearing. Fisher submitted the matter to the commissioners on the hearing examiner's report, and two of the commissioners voted to grant the applications, and one commissioner voted to deny them. When Fisher was preparing to leave the hearing room, the commissioners advised him to stay so that a second vote might be taken. A fourth commissioner was then called into the room, and a second vote was taken. At that time two commissioners voted to grant, and two commissioners voted to deny, the applications. On the next day (November 21) Fisher was notified by the board that his applications were denied, and that in view of the fact that there was a tie vote on November 20, he might request a reconsideration by the board.

Fisher requested a reconsideration, and a rehearing was set

for December 4, 1963. Apparently a rehearing was held on that date.[1] On December 5, the board notified Fisher that, after reconsidering its previous action, the board had denied his applications.

Fisher then filed a petition for a writ of mandate in the superior court. In substance the petition alleges, and the answer admits, the above-described events which occurred before the board. The matter was submitted on the petition, the answer, and the transcripts of the hearings before the board, other than the transcript of the reconsideration hearing.[2]

The court made findings which in substance include the facts hereinabove set forth, and made other findings as follows: "That the question before the Board [at the hearing on November 20] was whether the 1963 renewal application[s] of petitioner should be denied. That Los Angeles City Charter, Section 76, requires any order or resolution of respondent Board to be adopted by a majority of its members. That the first vote of the respondent Board resulting in a two to one vote in favor of granting of petitioner's 1963 renewal application[s] was not a denial of the said application[s] since it was not a majority vote for denial. That the second vote of the respondent Board resulting in a two to two tie vote was not a denial of petitioner's 1963 renewal application[s] since it was not a majority vote for denial. That this Court has no jurisdiction to order respondents to issue a permit. From the foregoing facts, the Court concludes: That the matter be remanded to respondents for action on the 1963 renewal applications of petitioner consistent with these findings."

As above stated, appellant contends that since there was not a determination, by a majority of the board mem-

[1]According to the agreed statement of facts (certified as true by the trial judge), Fisher received a notice that permits had been denied at a reconsideration hearing by the board on December 4. The statement also shows that a conference was held in the court's chambers, and that counsel for respondents offered to submit a transcript of the reconsideration hearing; that the court stated that if counsel for petitioner had no objection, the court would reopen the case in order to submit that transcript; that the court also stated that if the case were not reopened for that purpose, the matter would be remanded to the board for further action; that approximately six days after the conference, counsel for Fisher requested that, for the purpose of appeal, the court issue its order remanding the matter to the board rather than reopen the case. (With reference to the voting result of the reconsideration hearing, the record does not show how many votes, if any, were in favor of the applications or how many were against them.)

[2]See footnote 1.

bers, denying his applications, the permits should have been renewed automatically; and that the court erred in remanding the matter to the board.

Sections 70 and 71 of the Charter of the City of Los Angeles provide in effect that the police department shall be under the control and management of a board of police commissioners and that the board shall be composed of five members. Section 76 of the charter provides that the powers conferred upon the board shall be exercised by order or resolution adopted by a majority of the board members.

In the present case, the proceedings before the board on November 20 did not culminate in an order or resolution adopted by a majority of the five members. On the first vote, the three members who were present voted two to one in favor of granting the applications. Another member was then called into the hearing room, and two of the members voted to grant the applications, and two of the members voted to deny them. It thus appears that a majority of the five members did not vote either for or against petitioner's applications, and that the board's purported denial of the applications was not made in accordance with the provisions of the charter.

Since the action taken by the members did not constitute an effective exercise of discretion by the board as required by the charter, the court did not err in remanding the matter to the board so that it might properly exercise its discretion on the merits. (See *Fascination, Inc.* v. *Hoover,* 39 Cal.2d 260, 269 [246 P.2d 656]; *Walters* v. *Pine Cove County Water Dist.,* 177 Cal.App.2d 498 [2 Cal.Rptr. 253]; *Sobo* v. *Board of Police Commissioners,* 145 Cal.App.2d 783, 791 [303 P.2d 104]; Code Civ. Proc., § 1094.5, subd. (e).)

The order (judgment) is affirmed.

Fourt, J., and Lillie, J., concurred.

A petition for a rehearing was denied August 17, 1965, and appellant's petition for a hearing by the Supreme Court was denied September 29, 1965. Tobriner, J., Mosk, J., and Schauer, J.,* were of the opinion that the petition should be granted.

---

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.