TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 91-502 |
| of | : | |
| | : | March 18, 1992 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| ANTHONY S. Da VIGO | : | |
| Deputy Attorney General | : | |
| | : | |

        THE HONORABLE MAX E. ROBINSON, COUNTY COUNSEL, COUNTY OF FRESNO, has requested an opinion on the following question:

        Is a two-thirds vote of the entire membership of a city council required to override an adverse determination made by an airport land use commission concerning the city's proposed amendment of its general plan?

CONCLUSION

        A two-thirds vote of the entire membership of a city council is not required to override an adverse determination made by an airport land use commission concerning the city's proposed amendment of its general plan; a two-thirds vote of the members constituting a quorum is sufficient to override the determination.

ANALYSIS

        Airport land use commissions are statutorily created in each county for the purpose of formulating a comprehensive land use plan for the orderly growth of public airports and to achieve, by zoning, compatible land uses in the vicinity of airports. (Pub. Util. Code, §§ 21670-21677; see 74 Ops.Cal.Atty.Gen. 58 (1991); 71 Ops.Cal.Atty.Gen. 213 (1988).)[1]

        We are informed that a seven-member city council has voted four-to-two to overrule an airport land use commission's adverse determination concerning the city's proposed amendment of its general plan. The question presented for analysis is whether the motion passed "by a two-thirds vote" of the city's "governing body." We conclude that it passed.

        The inquiry calls for an interpretation of subdivision (b) of section 21676. Subdivision (b) states:

_____

        [1]All section references are to the Public Utilities Code unless otherwise specified.

"Prior to the amendment of a general plan or specific plan, or the adoption or approval of a zoning ordinance or building regulation within the planning boundary established by the airport land use commission pursuant to Section 21675, the local agency shall first refer the proposed action to the commission. If the commission determines that the proposed action is inconsistent with the commission's plan, the referring agency shall be notified. The local agency may, after a public hearing, overrule the commission by *a two-thirds vote of its governing body* if it makes specific findings that the proposed action is consistent with the purposes of this article stated in Section 21670." (Emphasis added.)

If the phrase "two-thirds vote of its governing body" requires a two-thirds vote of all members of the legislative body, the motion in question failed since five votes would be necessary for a seven-member council. On the other hand, if the phrase only requires a two-thirds vote of those members present and constituting a quorum,[2] the motion passed to override the airport land use commission's decision.[3]

We have on numerous occasions recited the prevailing rule where no supermajority requirement (e.g., two-thirds or four-fifths) is necessary for the governing body to act. In the absence of express contrary indication, a simple majority of a collective body constitutes a quorum,[4] and a majority of a quorum is empowered to act for the body. (*FTC v. Flotill Products* (1967) 389 U.S. 179, 183; *People v. Harrington* (1883) 63 Cal. 257; 66 Ops.Cal.Atty.Gen. 336 (1983); 62 Ops.Cal.Atty.Gen. 698 (1979); 58 Ops.Cal.Atty.Gen. 706 (1975); 55 Ops.Cal.Atty.Gen. 26 (1972).)[5]

Such express contrary indication has been found in those statutes which refer specifically to the members of a collective body as distinguished from the body itself. (See, *Dry Creek Valley Association, Inc. v. Board of Supervisors* (1977) 67 Cal.App.3d 839, 845; *Fisher v. Board of Police Commissioners* (1965) 236 Cal.App.2d 298.) For example, a statutory reference to "the affirmative votes of at least a majority of the members of the board" necessitates a majority vote of the whole board. (55 Ops.Cal.Atty.Gen., *supra,* 28-29.) Again, the "majority of all entitled to vote" requires action by a majority of the collective body as a whole. (23 Ops.Cal.Atty.Gen. 99 (1954).)

---

[2] A "quorum" is the minimum number of members of a body who must be present to transact business legally. Almost always, a quorum consists of a majority (more than half) of the body's existing membership. (62 Ops.Cal.Atty.Gen. 698, 699-700 (1979).) For example, a city council with seven members would have a quorum to transact business at its meetings when four members are present and entitled to vote.

[3] We are not here concerned with an existing membership of a collective body which has been reduced by vacancies in office. (See, *Nesbitt v. Bolz* (1939) 13 Cal.2d 677; 49 Ops.Cal.Atty.Gen. 30 (1967).) It is assumed that the city council in question was at the time herein pertinent fully constituted.

[4] While the city in question is chartered and may adopt its own rules for the transaction of business (62 Ops.Cal.Atty.Gen., *supra*, 699), it will be assumed that the rule is the same as provided for general law cities, i.e., that a majority of the council constitutes a quorum for the transaction of business. (Gov. Code, § 36810; *Kennedy v. City of Ukiah* (1977) 69 Cal.App.3d 545, 551.)

[5] It is further assumed in the case of a city that an ordinance will be passed by a minimum of three votes. (Gov. Code, § 36936.)

Based on our prior opinions, it is clear that but for the two-thirds super-majority requirement in section 21676, the reference to the "governing body" without allusion to its individual members would authorize action to be taken by a majority of the members present rather than the entire membership. Is a distinction to be drawn where reference is made to a supermajority of the governing board without allusion to the individual members? We think not.[6]

As summarized in 4 McQuillin, Municipal Corporations (3d ed. Rev.), section 13.31a, pages 708-709:

> "Where any particular act is required to be done by a specified vote, the rule is generally held to be that the requirement is met by a proportion of the vote of those constituting a quorum to do business. So `unanimous consent of the council,' as used in a council rule, was construed to require unanimity of a quorum only. However, where the act must be done by a distinct proportion `of all the members elected,' or `of all the members of the council,' it is manifest that the law should be construed by counting the whole membership of the body in question." (Fns. omitted.)

In *Tidewater Southern Railway Co. v. Jordan* (1912) 163 Cal. 105, a company's board of directors voted unanimously in favor of a resolution which a statute required to be adopted by "the unanimous vote of its board of directors." The Supreme Court upheld the adoption of the resolution even though not all directors had been present for the vote:

> "We entertain no doubt of the soundness of the contention that the vote of the seven who attended the meeting was all that was required. The statute does not demand the `unanimous vote of all the directors,' nor the `unanimous vote of all the members of the board.' What is called for is the `unanimous vote of the board.' The provision looks to the body constituting the board of directors, rather than to the individuals of whom the board is composed." (*Id.* at 106; cf. *Hopkins v. MacCulloch* (1939) 35 Cal.App.2d 442, 452-453.)

The adoption and amendment of a general plan by a city requires "the affirmative vote of not less than a majority of the total membership of the legislative body." (Gov. Code, § 65356.) The two-thirds requirement for an override of a commission's decision as specified in section 21676 reasonably elevates the standard in view of the commission's adverse determination. In addition, the council is required under the statute to make specific findings to support the override. In light of the fact that supermajority requirements are to be "strictly construed" (*Los Angeles County Transport. Com. v. Richmond* (1982) 31 Cal.3d 197, 205; 66 Ops.Cal.Atty.Gen., *supra*, 337), we perceive no indication in section 21676 that a two-thirds vote is required not only of a quorum, but of the entire membership of the council as a whole.[7]

---

[6]In this regard, we are compelled to reexamine and disapprove a recent informal opinion, No. 91-307 (March 18, 1991).

[7]It is true that fewer affirmative votes might be necessary for the council's override under the "two-thirds" standard than for the general plan amendment itself under the "majority" standard. With a seven-member council having four members present, for example, three could override the commission's adverse decision under section 21676, while four would be required to amend the general plan under Government Code section 65356. However anomalous this result may seem, it is a matter for the Legislature to address if it deems appropriate.

It is concluded that a two-thirds vote of the members of a city council constituting a quorum overrides an adverse determination made by an airport land use commission concerning the city's proposed amendment of its general plan.

* * * * *