[L. A. No. 20025. In Bank. Mar. 23, 1948.]

OTTO A. STEEN, Appellant, v. THE CITY OF LOS AN-
GELES et al., Respondents.

Cryer & Jones, George E. Cryer and R. Alston Jones for Appellant.

Ray L. Chesebro, City Attorney, Bourke Jones, Assistant City Attorney, George William Adams and John F. Feldmeier, Deputy City Attorneys for Respondents.

CARTER, J.—In this action for declaratory relief plaintiff failed to obtain the relief prayed for in his complaint in respect to his rights as a civil service employee of defendant, city of Los Angeles.

The controversy between the parties has been before this court previously. (*Steen* v. *Board of Civil Service Commrs.*, 26 Cal.2d 716 [160 P.2d 816].) In that case the plaintiff sought in the superior court a review and annulment of an order of the Board of Civil Service Commissioners (a local administrative agency exercising quasi judicial functions, hereafter called board) of the city of Los Angeles which sustained the discharge of plaintiff as a civil service employee of the Department of Water and Power (hereafter called department), a department of the government of said city. No evidence was introduced at the hearing on the petition for review inasmuch as it was opposed by respondents on the sole ground that the petition failed to state a cause of action, and the superior court rendered judgment denying relief on the ground that plaintiff had not filed a demand for reinstatement with the board within the time required, and that his petition failed to state a cause of action. On appeal from that judgment this court held that the demand was timely; that plaintiff must be accorded a hearing by the board, and his petition for review stated facts sufficient to show that he had been denied a hearing. The denial of the petition for review was accordingly reversed.

Prior to the foregoing proceeding, and on August 12, 1943, the department filed with the board a notice of discharge of plaintiff. On August 18, 1943, plaintiff made demand for a hearing by the board. On December 15, 1943, the board made

its order sustaining the discharge. On February 25, 1944, plaintiff filed with the board a demand for reinstatement. Thereafter he commenced the proceeding for review above mentioned culminating in this court's decision in *Steen* v. *Board of Civil Service Commrs., supra.* The remittitur in said case was filed in the superior court on August 1, 1945. Thereafter, in that proceeding, neither plaintiff, the board, department nor the city, took any further action except as hereinafter mentioned. The board did not file an answer or return to plaintiff's petition in that action. No further hearing was had thereon. Neither the board nor the department made any move to give plaintiff a hearing before the board (except as later appears). Plaintiff made no request for a hearing, other than the demand of August 18, 1943, hereinbefore mentioned. On February 5, 1946, plaintiff commenced the instant action to have it declared that the discharge proceeding against him should be dismissed on the grounds that the board had lost jurisdiction due to the delay in the prosecution of the charge against him, and that he was entitled to be reinstated. On May 29, 1946, plaintiff's review proceeding which culminated in the prior decision of this court (*Steen* v. *Board of Civil Service Commrs., supra*) was dismissed on his motion in the superior court.

On June 28, 1946, the trial court rendered judgment in the instant action denying plaintiff relief, and declaring that the discharge proceeding before the board did not terminate by lapse of time, and it is still properly pending there; that plaintiff is entitled to a hearing before the board on the charges filed against him and the matter is remanded to the board for that purpose. Plaintiff appealed from that judgment. Thereafter, this court granted respondents' application to produce evidence here consisting of the record of a hearing before the board on August 9, 1946. At that time plaintiff moved the board for a dismissal of the proceeding on the ground that the board had lost jurisdiction and there was a fatal lack of diligence in the prosecution of the charges against him. The motion was denied.

Plaintiff contends that the board was required, under section 112 of the city charter, to hold a hearing within 15 days after the statement of charges was filed with the board (in the instant case that would mean 15 days after August 17, 1943), or at least within a reasonable time; that inasmuch as over three years had elapsed since the filing of the notice of discharge, the proceeding against plaintiff must be dismissed; that

the court proceedings above outlined do not excuse the delay; and that he was under no obligation to proceed to obtain judgment in the first action (the review proceeding) for the board was required to give him a hearing and its failure to do so was the initial wrong in the case.

It should first be observed that the trial court in this action declared that plaintiff is entitled to a hearing before the board as this court decided in *Steen* v. *Board of Civil Service Commrs., supra.* Thus the objective sought to be accomplished by the first action has been achieved.

Section 112 of the Los Angeles Charter, after providing for the filing by the appointing power of the statement of grounds for discharge with the board reads: ''Within fifteen days after such statement shall have been filed, the said board, upon its own motion, may, or upon written application of the person so removed, discharged or suspended, filed with said board within five days after service upon him of such statement, shall proceed to investigate the grounds for such removal, discharge or suspension.'' Assuming that the investigation referred to is the hearing the board must accord (see, *Steen* v. *Board of Civil Service Commrs., supra,* pp. 723, 725), plainly the reference to fifteen and five days does not limit the time in which the hearing must be had. The apparent intent is that within said fifteen days the board on its own motion may decide to grant a hearing, but that does not mean the hearing must be within that period. If the employee seeks relief within the five-days' limit, a hearing must be had, but it need not be within the five days. If the hearing had to be held within those short periods and there were many cases to be considered the administrative function would be thrown into hopeless confusion and rendered ineffective. It might well be physically impossible to meet the requirement. The board is an agency with continuing existence. It does not lose jurisdiction over a discharge proceeding merely by lapse of time. The most that can be said is that a hearing must be held within a reasonable time; that the appointing power, the initiator of the discharge proceeding, must diligently prosecute that proceeding. In *Universal Consolidated Oil Co.* v. *Byram,* 25 Cal.2d 353 [153 P.2d 746], this court considered the propriety of remanding a matter to the county board of supervisors sitting as a board of equalization, where the action of the board denying relief was reviewed by the court and it was found a proper hearing had not been accorded. It declared

that a remand to the board for a hearing was proper although under the statute the board (while sitting as a board of equalization) had a limited life each year. The court concluded that the "intent of the law" requires that the case be remanded to the board for a hearing. It is necessary that there exist a very clear indication that the jurisdiction of a board has been exhausted after the expiration of a certain period of time, before a court will find such loss of power. (See, *Whiting Finance Co.* v. *Hopkins,* 199 Cal. 428 [249 P. 853]; *Buswell* v. *Supervisors etc.,* 116 Cal. 351 [48 P. 226].) While special consideration was not given to the wording of the statutes involved, it is established that the proper procedure upon the failure of an administrative board to give a hearing under appropriate circumstances, is to remand the case to the board for proper proceedings. (*La Prade* v. *Department of Water & Power,* 27 Cal.2d 47 [162 P.2d 13]; *Bila* v. *Young,* 20 Cal.2d 865 [129 P.2d 364]; *Ware* v. *Retirement Board,* 65 Cal.App.2d 781 [151 P.2d 549].) The policy underlying such a rule is that the determination of the issues should first be made by the administrative agency. It is given jurisdiction for that purpose, and interference with that jurisdiction should not be permitted until it has been pursued to the point of exhaustion. Therefore, insofar as the termination of the jurisdiction of the board is concerned, the conclusion must be that it does not lose its jurisdiction to proceed in accordance with the provisions of the charter by delay in the conduct of a hearing.

 If we consider the matter of delay in a hearing by the board as analogous to laxity in the prosecution of a civil action—in bringing it to trial, it appears that courts have inherent power independent of statutory provisions to dismiss an action on motion of the defendant where it is not diligently prosecuted. (*Raggio* v. *Southern Pacific Co.,* 181 Cal. 472 [185 P. 171]; *Gray* v. *Bybee,* 60 Cal.App.2d 564 [141 P.2d 32]; *Hibernia Sav. & Loan Soc.* v. *Lauffer,* 41 Cal.App.2d 725 [107 P.2d 494]; *Vogel* v. *Marsh,* 122 Cal.App. 748 [10 P.2d 791]; *Oberkotter* v. *Spreckels,* 64 Cal.App. 470 [221 P. 698]; 9 Cal.Jur. 526-527, 539-540; 5 Cal.Jur. 10-Yr. Supp. [1944 Rev.], pp. 250-251; 27 C.J.S., Dismissal and Nonsuit, § 65.) The policy to expedite justice underlying the rule, exists where the proceeding is before a local administrative agency exercising quasi judicial functions such as the board in the instant case. By analogy a proceeding before such a

board should be dismissed where an unreasonable time has elapsed—where the proceeding is not diligently prosecuted.

Under the city charter, a statement of the charges, as ground for the discharge of a civil service employee, is filed with the board. The burden of proving these charges rests upon the appointing power, the one making the charges. (*La Prado* v. *Department of Water & Power, supra,* 51.) Thus in the discharge proceeding before the board, the appointing power is analogous to what in a civil action would be the plaintiff, and the employee the defendant. It follows that the duty to prosecute diligently the proceeding before the board is that of the appointing power, and if it is derelict, a motion to dismiss on that ground is proper. If granted the employee should be reinstated.

In the instant case, as appears from the evidence proffered in this court, plaintiff moved the board for a dismissal at the hearing on August 9, 1946, and it was denied. Plaintiff now claims that for the board to refuse to dismiss was an abuse of discretion and hence it may be so declared by the court in this action. Plaintiff did not move to dismiss the proceeding before the board before he commenced this action. But assuming that plaintiff is not required to raise the question of dismissal for failure to prosecute before the board rather than in the court in this action, he has not made out a case of abuse of discretion. It will be recalled that the first order of the board (December 15, 1943) was adverse to him. He sought an annulment thereof in his proceeding for review which was denied by the superior court. He appealed, and the denial was reversed. The remittitur went down, but he never sought an order of annulment from the trial court. The proceeding in the court below was somewhat similar to the sustaining of a demurrer followed by a judgment of dismissal and an appeal therefrom. The denial of relief was reversed by this court—no more—no less. The matter was thus at large with the petition for review pending and no action on the part of the court. "The proceeding [after reversal] is left where it stood before the judgment or order was made, and the parties stand in the same position as if no such judgment or order had ever been rendered or made. They have the same rights which they originally had." (2 Cal.Jur. 996.) There was no judgment, therefore, in the review proceeding. Plaintiff was free at all times to obtain such a judgment—the relief he sought. The appointing power could not,

at least prior to the reversal, prosecute the matter further before the board without compromising its position that the board's order sustaining the discharge was valid—that everything in respect to a hearing that was required had been done. There is nothing to indicate bad faith by the appointing power in seeking to sustain the validity of the proceeding. As a general principle the time consumed by a pending appeal is not computed in ascertaining what is a reasonable time for prosecuting a proceeding. (See, *Christin* v. *Superior Court*, 9 Cal.2d 526 [71 P.2d 205, 112 A.L.R. 1153]; *Westphal* v. *Westphal*, 61 Cal.App.2d 544 [143 P.2d 405].) After the denial of relief by the trial court was reversed, and the remittitur went down, there was nothing to prevent plaintiff from obtaining a judgment entitling him to a hearing before the board. He was the moving party in that proceeding. He was in a position analogous to an appellant (he was seeking a review and annulment of the board's order) and as such the duty rested upon him to prosecute his proceeding which may be likened to an appeal. He makes no showing of any reason why he did not proceed in the first action. He is therefore not entitled to a dismissal because of the delay in the prosecution of the charges against him.

We have heretofore referred to the granting of respondents' request to produce evidence here consisting of the record of a hearing held by the board on August 9, 1946, resulting in the charges against plaintiff being sustained. Supplemental material offered by plaintiff on the same subject was also received. That evidence was received solely for the purpose of completing the picture of the proceedings taken. We do not here purport to pass upon the correctness of the determination reached at that hearing. That is a matter that may be reviewed by the superior court in proper proceedings therefor.

The judgment is affirmed.

Gibson, C. J., Traynor J., and Schauer, J., concurred.

Shenk, J., Edmonds, J., and Spence, J., concurred in the judgment.