[L. A. No. 21257. In Bank. Apr. 17, 1950.]

HENRY W. ENGLISH, Respondent, v. CITY OF LONG BEACH et al., Appellants.

Irving M. Smith, City Attorney, Clifford E. Hayes and Dewey L. Strickler, Deputy City Attorneys, for Appellants.

Kenneth Sperry for Respondent.

GIBSON, C. J.—The civil service board of Long Beach approved the action of the city manager in dismissing the petitioner, Henry W. English, from his position as patrolman in the police department. English sought a writ of mandate annulling the board's order and compelling his reinstatement. The trial court concluded that a board rule requiring petitioner to take and pass a physical examination was invalid, and that petitioner was deprived of a fair hearing because the board

in reaching its decision relied upon evidence taken outside the hearing. The judgment required the board to set aside its order sustaining the dismissal and directed that petitioner be reinstated as of August 3, 1945. This appeal followed.

Between December 24, 1944, and July 15, 1945, English was absent from duty on sick leave, vacation and leave of absence. When he reported back for duty he was informed that he would not be permitted to return until he had taken and passed a physical examination as required by civil service rules and regulations. The rules provide that an employee who has been absent for six months or more shall be required to take and pass a physical examination to be given by a board of physicians before being entitled to return to active duty, and that failure to pass such examination shall constitute grounds for suspension or dismissal.

English submitted to an examination, the report of which was adverse to him. On August 3, 1945, the city manager filed with the civil service board and served on English a written notice of dismissal based on charges that he had failed to pass the required examination and that he had a physical ailment or defect which incapacitated him for the proper performance of the duties of his position.

On September 12, 1945, a hearing was held before the civil service board on the charges filed. English was present and represented by counsel, and both parties called witnesses who testified concerning his physical condition and its relation to the performance of his duties. The matter was twice continued, once at the request of English and the other time by the board on its own motion. Members of the board took evidence outside the hearing and outside the presence of English or his attorney. Some of them talked to one of the examining doctors, and one member questioned his personal physician concerning the relation of English's asserted disability to the performance of the duties of his position. The information thus received was imparted to other board members, and was considered and relied upon by them in arriving at their decision.

On January 23, 1946, the board found that English was physically unable to perform the duties of patrolman and sustained his dismissal as of August 3, 1945.

The validity of the board's rule which requires an employee to take and pass a physical examination before resuming work after an extended absence and which provides

that failure to pass the examination shall constitute grounds for his suspension or dismissal was established in *English* v. *City of Long Beach*, 77 Cal.App.2d 894 [176 P.2d 940]. It was there held that failure to pass the examination does not automatically disqualify an employee, and that the employee is entitled to be compensated until written charges against him have been served and filed, upon which charges he is entitled to a hearing before the civil service board. Thus the rule does not leave the determination of whether or not an employee shall be suspended or dismissed to the uncontrolled discretion of the examining physicians. They act as a group of experts, and their findings and conclusions form merely part of the evidence to be considered by the board in determining whether the employee shall be suspended or dismissed.

■ The principal question is whether English was deprived of a fair trial. The Long Beach city charter and the rules and regulations of the civil service board require that a discharged employee be accorded a hearing. (*English* v. *City of Long Beach*, 77 Cal.App.2d 894 [176 P.2d 940] ; *cf. La Prade* v. *Department of Water & Power*, 27 Cal.2d 47 [162 P.2d 13].) In conducting the hearing, the board acts as a local administrative tribunal, and it has power to make final adjudications of fact in connection with matters properly submitted to it. The action of such an administrative board exercising adjudicatory functions when based upon information of which the parties were not apprised and which they had no opportunity to controvert amounts to a denial of a hearing. (*La Prade* v. *Department of Water & Power*, 27 Cal.2d 47 [162 P.2d 13] ; see *Bandini Estate Co.* v. *Los Angeles County*, 28 Cal.App.2d 224, 231 [82 P.2d 185] ; *cf. Carstens* v. *Pillsbury*, 172 Cal. 572 [158 P. 218].) ■ Administrative tribunals which are required to make a determination after a hearing cannot act upon their own information, and nothing can be considered as evidence that was not introduced at a hearing of which the parties had notice or at which they were present. (*United States* v. *Abilene & So. Ry. Co.*, 265 U.S. 274 [44 S.Ct. 565, 68 L.Ed. 1016] ; *Interstate Commerce Com.* v. *Louisville & Nashville R. R. Co.*, 227 U.S. 88 [33 S.Ct. 185, 57 L.Ed. 431] ; *La Prade* v. *Department of Water & Power, supra*; *Bandini Estate Co.* v. *Los Angeles County, supra*; *Carstens* v. *Pillsbury, supra.*) The fact that there may be substantial and properly introduced evidence which supports the board's ruling is immaterial. (*Cf., Ohio Bell Tel. Co.* v. *Public Utilities Com.*, 301 U.S. 292 [57 S.Ct.

724, 81 L.Ed. 1093].) A contrary conclusion would be tantamount to requiring a hearing in form but not in substance, for the right of a hearing before an administrative tribunal would be meaningless if the tribunal were permitted to base its determination upon information received without the knowledge of the parties. ██ A hearing requires that the party be apprised of the evidence against him so that he may have an opportunity to refute, test, and explain it, and the requirement of a hearing necessarily contemplates a decision in light of the evidence there introduced. (*La Prade* v. *Department of Water & Power*, 27 Cal.2d 47, 52 [162 P.2d 13]; *Universal Cons. Oil Co.* v. *Byram*, 25 Cal.2d 353 [153 P.2d 746].)

It has been held that where there is substantial evidence, properly admitted, which supports a tribunal's determination, its order or decision will not be annulled because of errors in ruling on the admission of other evidence. (See *Nider* v. *City Commission*, 36 Cal.App.2d 14 [97 P.2d 293]; *Horstmyer* v. *Trial Board of Sacramento*, 21 Cal.App.2d 533 [69 P.2d 1021].) There is considerable difference, however, between the alleged improper admission of evidence, such as hearsay, for example, and the consideration of and reliance upon information received without the knowledge of the parties and at a time and place other than that appointed for the hearing. In the former class of cases, the parties are informed of the evidence to be used against them, they may object to it, explain it, or test it and introduce countervailing evidence. None of those safeguards are available, however, when the board secretly obtains information and bases its determination thereon. The distinction has been recognized by the United States Supreme Court as well as by this court. (*United States* v. *Abilene & So. Ry. Co.*, 265 U.S. 274, 289 [44 S.Ct. 565, 68 L.Ed. 1016]; *La Prade* v. *Department of Water & Power*, 27 Cal.2d 47, 51 [162 P.2d 13].)

██ Since the board, in arriving at its decision sustaining the order dismissing English, relied upon information taken outside the hearing, which English had no opportunity to refute, the trial court properly concluded that he was denied a fair hearing.

██ The judgment, however, should not have ordered the reinstatement of English but instead should have remanded the cause to the civil service board for proper proceedings. (Code Civ. Proc., § 1094.5(e); *Steen* v. *City of Los Angeles,*

31 Cal.2d 542, 546 [190 P.2d 937] ; *La Prade* v. *Department of Water & Power,* 27 Cal.2d 47 [162 P.2d 13] ; *Universal Cons. Oil Co.* v. *Byram,* 25 Cal.2d 353 [153 P.2d 746] ; *Ware* v. *Retirement Board,* 65 Cal.App.2d 781 [151 P.2d 549].) The fact that the board has heard and decided the matter does not preclude another hearing even though the charter does not provide for a rehearing, and the board cannot be said to have exhausted its power to act until it has given English a fair hearing. (*Cf. Aylward* v. *State Board etc. Examiners,* 31 Cal.2d 833, 839 [192 P.2d 929].)

█ The trial court assigned no reason for its failure to remand the cause to the board. It is suggested that a fair hearing could not be had after the trial of the mandate action because of lapse of time, and that since the city has continued to employ English, the question of his former fitness is moot. There was no claim, however, that the proceeding was not diligently prosecuted, and there was no showing of any circumstance that might operate to the prejudice of either party as a result of the lapse of time. (*Cf. Steen* v. *City of Los Angeles,* 31 Cal.2d 542 [190 P.2d 937].) The continued employment of English by the city resulted from the fact that he obtained a court order directing that this appeal should not operate as a stay of execution of the judgment granting the writ of mandate (Code Civ. Proc., § 1110b), and the city's inability or failure to resist the application for that order was not such a voluntary compliance with the writ as to render the issues moot.

The judgment is reversed, and the trial court is instructed to enter judgment directing the civil service board to set aside its order sustaining petitioner's dismissal and to afford him a full and fair hearing.

Shenk, J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.