[No. F010399. Fifth Dist. Mar. 14, 1990.]

NARENDRA KUMAR, Plaintiff and Appellant, v.
NATIONAL MEDICAL ENTERPRISES, INC., et al., Defendants
and Respondents.

**COUNSEL**

Foreman & Brasso, Russell F. Brasso and Jerome Berg for Plaintiff and Appellant.

Dummit, Faber & Brown, Christopher J. Faber and M. Eileen McGarry for Defendants and Respondents.

OPINION

BEST, Acting P. J.—

INTRODUCTION

Appellant Narendra Kumar appeals from a judgment granting in part his petition for writ of mandate pursuant to Code of Civil Procedure section 1094.5, subdivision (d). The petition sought to compel respondents (Hospital) to reinstate Dr. Kumar to pediatric staff privileges, including Intensive Care Nursery (ICN) privileges. In granting the petition, the trial court found Hospital's removal procedures tainted at the executive committee level, and remanded the matter for further administrative appeal hearings pursuant to Hospital's bylaws. Dr. Kumar challenges the court's remand of the matter, arguing that any judgment other than an unconditional reinstatement of full pediatric privileges was error.

FACTUAL AND PROCEDURAL HISTORY

Narendra Kumar is a physician licensed to practice medicine in the State of California. In 1982, he was appointed director of the ICN at Modesto City Hospital, a private institution governed by a board of directors. In October 1985, the Hospital's executive committee of the medical staff (Executive Committee) suspended Dr. Kumar's pediatric privileges pursuant to article VII, section 2 of the Hospital medical staff bylaws (Bylaws). The committee leveled two general charges: (1) "Physician has exhibited numerous problems with medical management and clinical judgment at Modesto City Hospital. Such mismanagement and poor judgment has placed numerous patients in danger of significant morbidity and mortality"; and, (2) "Physician has exhibited a pattern of disruptive, uncooperative, and abusive behavior towards nursing and medical staff, such that hospital functions and procedures have been disrupted and the quality of patient care has been jeopardized." The charges were based on Dr. Kumar's management of a particular patient and the findings of an ongoing quality assurance review conducted by the Mid Coastal California Outreach Program and Stanford University Medical Center.

Dr. Kumar immediately brought an action in the Stanislaus County Superior Court contesting his suspension. The court denied relief for failure to exhaust administrative remedies and ordered the formation of an impartial ad hoc committee to conduct hearings in the matter as provided for in article VIII, section 1, subdivision (a) of the Bylaws.

Seven physicians were appointed to the ad hoc committee (AHC) convened in January 1986. Evidence was received over a course of 15 sessions,

concluding in June 1986. Numerous witnesses, including five experts, were presented. Dr. Kumar was represented by counsel throughout the proceedings. On July 17, 1986, the AHC rendered its report and recommendations. The AHC found that Dr. Kumar had exhibited deficiencies in medical judgment, charting procedures and the performance of certain technical skills, justifying the initial suspension by the Executive Committee. The AHC did not find the evidence sufficient to support the charge of disruptive and abusive behavior toward staff.

The AHC did not find grounds for a permanent, unconditional suspension of appellant's clinical privileges. The AHC recommended reinstatement of Dr. Kumar's privileges on condition he have an annual eye examination and have his interpersonal relationships with hospital personnel monitored. Further, proctoring of all cases for six months, or, in the alternative, certification for neonatology practice at a level 2 ICN was recommended.

The Executive Committee is empowered, under the Bylaws, to recommend modification, continuance or termination of the terms of a summary suspension following consideration of the evidence and the report and recommendations of the hearing committee. The Executive Committee conducted an independent review of the evidence presented at the AHC hearings. The Executive Committee issued its report on September 12, 1986.

The Executive Committee accepted the AHC's finding that the original suspension was proper, but recommended termination of Dr. Kumar's full pediatric privileges and conditional reinstatement of general pediatric privileges. A return to full privileges, including the ICN, would be considered if Dr. Kumar successfully completed a one-year neonatology fellowship.

Dr. Kumar appealed to the governing board of directors of Modesto City Hospital (Board). That body, consisting of two doctors and two lay persons, met and reviewed the record of the AHC hearings and the Executive Committee report.

On December 1, 1986, the Board rendered its decision, adopting the conclusions of the Executive Committee and terminating appellant's pediatric privileges. Reinstatement was ordered subject to compliance with the conditions outlined by the Executive Committee except that return to full privileges, including ICN privileges, was conditioned on a six-month rather than a twelve-month fellowship in neonatology.

Claiming denial of a "fair procedure," Dr. Kumar then filed a petition for writ of mandate in the superior court requesting that the Board decision be

set aside and that he be reinstated to full staff privileges. Following a hearing, the trial court granted the petition in part, setting aside the decisions of the Board and the Executive Committee, and remanding the matter to the Hospital for further proceedings without reinstating Dr. Kumar's privileges. Dr. Kumar appeals from the court's failure to unconditionally reinstate him.

## DISCUSSION

The trial court granted the writ of mandate and remanded the matter back to the Executive Committee for further proceedings in accordance with Hospital's Bylaws. Dr. Kumar now challenges the trial court's failure to unconditionally reinstate him, arguing that the AHC hearings were biased and its findings unsupported by the evidence.

Dr. Kumar apparently presumes he may appeal as a matter of right. He may not. For the reasons discussed below, we deem it unnecessary to consider appellant's contentions on the merits and dismiss the appeal.

■ Judicial review of the decisions of private hospital boards affecting a physician's right to use the hospital's facilities is provided by administrative mandamus under Code of Civil Procedure section 1094.5. (*Anton* v. *San Antonio Community Hosp.* (1977) 19 Cal.3d 802, 814-825 [140 Cal.Rptr. 442, 567 P.2d 1162].)

Code of Civil Procedure section 1094.5 provides in pertinent part: "(a) Where the writ is issued for the purpose of inquiring into the validity of any final administrative order or decision made as the result of a proceeding in which by law a hearing is required to be given, evidence is required to be taken, and discretion in the determination of facts is vested in the inferior tribunal, corporation, board, or officer, the case shall be heard by the court sitting without a jury. All or part of the record of the proceedings before the inferior tribunal, corporation, board, or officer may be filed with the petition, may be filed with respondent's points and authorities, or may be ordered to be filed by the court. . . .

". . . . . . . . . . . . . . . . . .

"(f) The court shall enter judgment either commanding respondent to set aside the order or decision, or denying the writ. Where the judgment commands that the order or decision be set aside, it may order the reconsideration of the case in the light of the court's opinion and judgment and may order respondent to take such further action as is specially enjoined upon it by law, but the judgment shall not limit or control in any way the discretion

legally vested in the respondent." ■ "Under CCP § 1094.5(a), a writ of administrative mandamus may be issued to review an administrative decision only if it is final. [Citation.] The need for a final decision is regarded as an aspect of the exhaustion requirement." (Cal. Administrative Mandamus (Cont.Ed.Bar 2d ed. 1989) § 2.27, p. 50.) Under the doctrine of the exhaustion of administrative remedies, a party must go through the entire proceeding to "a final decision on the merits of the entire controversy" before resorting to the courts for relief. (Cal. Administrative Hearing Practice (Cont.Ed.Bar 1984) § 4.68, pp. 266-267.) An appeal can be taken only *from a final decision* aggrieving petitioner. ■ The only "final" decision made in this case was rendered by the Hospital's governing body. Because the trial court set aside that decision and remanded the matter for further proceedings in accordance with Hospital's Bylaws, appellant must again proceed to a final administrative decision by the Board before seeking redress in the courts.

The Modesto City Hospital medical staff Bylaws authorize the Executive Committee of either the medical staff or governing body to summarily suspend a practitioner's clinical privileges when immediate action in the best interest of patient care is deemed necessary. (Art. VII, § 2, subd. (a).) The practitioner may request a hearing on the matter by the Executive Committee, which is empowered to modify, continue or terminate a summary suspension. (Art. VII, § 2, subds. (b) and (c).) A practitioner notified of a recommendation of the Executive Committee that, "if ratified by decision of the governing body, will adversely affect his appointment to or status as a member of the medical staff or his exercise of clinical privileges," is entitled to a hearing before an AHC. If the recommendation of the Executive Committee following such a hearing remains adverse to the practitioner, he is then entitled to an appellate review by the governing body "before the governing body makes a final decision in the matter." (Art. VIII, § 1, subd. (a).) The decision of the governing body is clearly the "final" decision rendered in the multilevel administrative review process. The AHC is authorized only to "make a written report and recommendation" to be forwarded along with the record to the Executive Committee. (Art. VIII, § 5, subd. (k).) As such, the report and recommendation of the AHC here is not a "final" decision which can be appealed from separately.

Nor is appellant entitled to appeal on the basis that he is aggrieved by the trial court's finding that "The evidence further supports the findings of the Ad Hoc Committee." Although the trial court has the authority to review an administrative decision at each level in assessing the entire record, only "final administrative order[s] or decision[s]" are subject to judicial review under Code of Civil Procedure section 1094.5, subdivisions (a) and (f). Because the Board's decision was set aside on the ground that Dr. Kumar

was denied procedural due process at the Executive Committee level of the administrative hearing process, the challenged finding was unnecessary to the court's decision. On remand, the trial court's gratuitous ratification of the AHC's findings is not binding on either the Executive Committee or the Board.

Appellant might argue that his claim of entitlement to reinstatement rather than remand is effectively an appeal from a "final" decision. It is clear, however, that the setting aside of a final administrative decision because of unfair hearing practices requires a remand for further proceedings. The rationale is that the agency, or in this case Hospital, because of error, did not fully exercise the discretion legally vested in it. By commencing further proceedings, this discretion is exercised. (See *English* v. *City of Long Beach* (1950) 35 Cal.2d 155, 159 [217 P.2d 22, 18 A.L.R.2d 547].) Further, because Hospital's prior action, which has been set aside, is not res judicata (see *Rinaldo* v. *Board of Medical Examiners* (1932) 123 Cal.App. 712, 716 [12 P.2d 32]), appellant is not aggrieved until such time as he may be adversely affected by a "new" final decision by the Board. He can then seek judicial review a second time. (See *Eureka Teachers Ass'n.* v. *Board of Education* (1988) 199 Cal.App.3d 353, 369 [244 Cal.Rptr. 240]; *Carey* v. *Board of Medical Examiners* (1977) 66 Cal.App.3d 538, 540 [136 Cal.Rptr. 91].)

In *English* v. *City of Long Beach, supra,* 35 Cal.2d 155, petitioner sought a writ of mandate annulling the civil service board's order upholding his dismissal and further sought reinstatement as a patrolman in the police department. The trial court ruled that petitioner was deprived of a fair hearing and ordered the board to set aside its decision and reinstate petitioner. The appellate court upheld the trial court's finding that the hearing was unfair, but concluded that the judgment should not have reinstated petitioner but instead should have remanded the cause for further proceedings.

"The fact that the board has heard and decided the matter does not preclude another hearing even though the charter does not provide for a rehearing, and the board cannot be said to have exhausted its power to act until it has given English a fair hearing." (*English* v. *City of Long Beach, supra,* 35 Cal.2d at p. 160.)

The same reasoning applies here. Until an unbiased governing board has again considered the merits of Dr. Kumar's suspension and made a decision accordingly, it has not exhausted its power to act. Until Hospital has exhausted that power appellant may not seek redress in the courts. Determination of the issues must first be made by the administrative agency. "It is

given jurisdiction for that purpose, and interference with that jurisdiction should not be permitted until it has been pursued to the point of exhaustion." (*Steen* v. *City of Los Angeles* (1948) 31 Cal.2d 542, 546 [190 P.2d 937].)[1]

Given appellant's failure to exhaust his administrative remedies, the appeal is dismissed.

Stone (W. A.), J., and Thaxter, J., concurred.

---

[1] Respondents' brief points out that a new and independent review of appellant's case was concluded on March 20, 1989. The record and decision of hearings conducted after the trial court's remand of this matter are not before this court and cannot be considered here.