Filed 2/8/24

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| NATHAN JACKSON, | B328414 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 22STCP01670) |
| v. | |
| BOARD OF CIVIL SERVICE COMMISSIONERS OF THE CITY OF LOS ANGELES, | |
| Defendant and Respondent; | |
| CITY OF LOS ANGELES, | |
| Real Party in Interest and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, James C. Chalfant, Judge. Dismissed.

Nathan Jackson, in pro per., for Plaintiff and Appellant.

Hydee Feldstein Soto, City Attorney, Vivienne A. Swanigan, Assistant City Attorney, and Travis T. Hall, Deputy City Attorney, for Defendant and Respondent and Real Party in Interest and Respondent.

_____

# INTRODUCTION

Nathan Jackson was a detention officer with the Los Angeles Police Department. After a three-week absence, he arrived late for his scheduled shift, left without informing his supervisors, and did not return. The City of Los Angeles served Jackson with notice of a proposed 10-day suspension, asserting four counts arising from the incident, and eventually imposed the suspension. Following an internal appeals process, the Board of Civil Service Commissioners sustained each count and upheld the suspension.

Jackson filed a petition for writ of administrative mandate asking the court to order the Board to set aside his suspension and award him back pay. The court granted the petition in part and set aside the suspension. The court found that the weight of the evidence supported the Board's findings on three of the four counts, but that on the remaining count the court directed the Board to reconsider whether Jackson's actions warranted discipline under the Department's internal policies. The court also directed the Board to reconsider whether the City's decision to amend one of the counts after serving Jackson with the initial notice of proposed discipline prejudiced Jackson's defense and entitled him to back pay. Finally, the court ordered the Board to reconsider the appropriate penalty.

Jackson appeals from the judgment granting his petition in part, contending (among other things) that substantial evidence did not support the findings on any of the counts and that he was entitled to back pay as a matter of law. We hold that, because the superior court vacated the suspension and remanded the matter for the Board to reconsider its findings and the

2

appropriate discipline, and because Jackson will have an opportunity to challenge any ultimate adverse disciplinary action, the judgment is not an appealable final judgment. Therefore, we dismiss the appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

A. *Jackson Arrives Late for Work Following a Three-week Absence*

Jackson worked as a detention officer for the Los Angeles Police Department.[1]  Beginning in late February 2018 he was absent from work.  According to his supervisor, Sergeant Victor Martinez, Jackson was scheduled to return to work on March 18, 2018.[2]  Jackson was not present during roll call at 6:00 a.m., but at 7:35 a.m. he went into Sergeant Martinez's office, apologized for being late, and attempted to start his shift.

According to Sergeant Martinez, Jackson was not fit to work that morning; he was slurring his speech, had difficulty communicating, was making unintelligible statements, and was shaking.  Jackson was also not in full uniform; he was wearing a visible, dirty undershirt and, though he was wearing his work pants, he was not wearing his work boots.  Sergeant Martinez asked Jackson if he had submitted a doctor's note to the

---

[1]      "Detention officers are responsible for maintaining arrestees in custody once they are delivered by patrol officers. They receive the arrestees, identify them and the charges against them, hold their property, lead them about the detention facility, and otherwise control and supervise them."  (*Sienkiewicz v. County of Santa Cruz* (1987) 195 Cal.App.3d 134, 138.)

[2]      Jackson disputes he was scheduled to work that day.

3

appropriate coordinator, which Sergeant Martinez had requested during Jackson's absence. Jackson said that he had not, but that he had the doctor's note in his car or in a bag. Jackson left the facility without informing anyone and did not return.

A few hours later, Sergeant Martinez and Sergeant Nicholas Balzano went to Jackson's home. Jackson answered the door and gave them a note excusing him from work that day. The note, however, was time-stamped 9:12 a.m. that day, which was an hour and a half after Jackson showed up for work. Jackson returned to work the following day.

At some point the City signed a "Non-occupational Sick, Revisit, or Injury Report" certifying Jackson was off duty from February 26, 2018 to March 18, 2018. On March 23, 2018 Jackson submitted a request under the Family and Medical Leave Act of 1993 (FMLA) for intermittent medical leave, backdating the request to January 25, 2018, and seeking approval for leave until July 24, 2018. The City approved the request.

B.   *The City Suspends Jackson for 10 days*

In February 2019 the City served Jackson with notice of a proposed 10-day suspension and supporting investigative materials pursuant to *Skelly v. State Personnel Bd.* (1975) 15 Cal.3d 194 (*Skelly*).[3] The notice included four counts against

---

[3]   In *Skelly, supra,* 15 Cal.3d 194 the Supreme Court held a permanent civil service employee has due process rights to certain pre-discipline safeguards, including "notice of the proposed action, the reasons therefor, a copy of the charges and materials upon which the action is based, and the right to

Jackson, all arising from the March 18, 2018 incident: reporting late for duty (count 1); reporting "unfit for duty" (count 2); leaving his post "without authorization" (count 3); and "refusing to provide a doctor's note as directed" (count 4). An adjudication report accompanying the notice stated: "Jackson reported to work late, out of uniform, and displaying the objective symptoms of being under the influence."

In support of the proposed suspension, the adjudication report included recommended penalty ranges for the conduct alleged in the notice. In particular, the recommended minimum penalty for a first offense for "[r]eporting for duty under the influence of drugs or alcohol which results in unfitness to work" (i.e., count 2) was a 10-day suspension. The recommended minimum penalty for the conduct supporting the remaining counts was less severe, ranging from written notice to a six-day suspension.[4]

The notice informed Jackson that he had until March 20, 2019 to respond to the charges. Jackson did not. On May 6, 2019 the City served Jackson with its final notice of the 10-day suspension. The allegations in counts 1, 3, and 4 of the final notice were essentially the same as those in the earlier notice. In count 2, however, the City alleged that Jackson had "failed to wear [his] official Department approved uniform," not that he reported unfit for duty or under the influence.

---

respond, either orally or in writing, to the authority initially imposing discipline." (*Id.* at p. 215.)

[4]     The recommended maximum penalty for the conduct supporting three of the four counts, including count 2, was discharge.

5

C. *Jackson Files an Unsuccessful Administrative Appeal*

Jackson appealed his suspension to the Board. Jackson contended the City violated *Skelly*, *supra*, 15 Cal.3d 194 by amending the allegations in the final notice of discipline. He also contended the evidence did not support the allegations in the notice because the City had retroactively granted him FMLA sick leave for a period that covered the incident, he was not on duty that day, and he eventually submitted the requested doctor's note.

The hearing on Jackson's administrative appeal took place over three days. Following the hearing, the hearing examiner[5] issued a report to the Board finding (without explanation) that the City had fully complied with the requirements of *Skelly* and the procedures prescribed by the City's personnel manuals, that the evidence substantiated each of the counts, and that the 10-day suspension was appropriate. At a subsequent hearing, the Board adopted the hearing examiner's findings and sustained each of the counts and the suspension.

---

[5] Rule 12, section 12.3 of the Rules of the Board of Civil Service Commissioners of the City of Los Angeles provides that disciplinary hearings "shall be conducted by hearing examiners pursuant to these Rules" and "Los Angeles Administrative Code Sections 19.29 through 19.35 . . . ." (See Los Angeles Admin. Code, § 19.29 ["[w]henever an appeal . . . is made to a board by virtue of any law, or whenever a board is required to conduct any investigation or hearing, such board may appoint one or more examiners"].)

D.   *Jackson Files a Petition for Writ of Administrative Mandate*

Jackson filed a petition for writ of administrative mandate seeking an order directing the Board to set aside its decision and to award him back pay because the Board violated the requirements of *Skelly*.  The court granted the petition in part.  The court found there was "compelling evidence that Jackson was reporting for duty on March 18, 2018," notwithstanding his assertion to the contrary, and that Jackson arrived an hour and a half late for his scheduled shift.  Nevertheless, on count 1 the court observed that the City's Jail Operations Manual defined excessive tardiness as arriving late on at least three occasions in a four-week period.  Therefore, the court ordered the Board to determine "whether [Jackson] can be disciplined . . . for reporting late" under this standard.

On counts 2, 3, and 4, the court found the evidence supported the findings.  On count 2, however, the court also found the hearing examiner "did not proceed in a manner required by law" because he did not analyze whether the City violated the requirements of *Skelly* when it amended count 2 from reporting unfit for duty to reporting for duty not in uniform.[6]  In particular, the court stated, the amendment may have prejudiced Jackson's ability to argue for a lesser penalty without the "more serious" drug-or-alcohol abuse allegation "hanging over his head."  The court ordered the Board to "[d]etermine whether *Skelly* was violated for the amended Count 2" and if so, "whether [Jackson] was prejudiced by not

---

[6]     Because we are dismissing the appeal, we express no opinion on the correctness of this ruling.

7

being able to argue for a lesser penalty" and therefore entitled to any back pay.

Finally, the court ordered the Board to "reconsider the penalty using [Jackson's] permissible disciplinary history." The court also authorized the Board to take additional evidence if necessary. The court entered judgment granting the petition in part and issued a writ of mandate. Jackson timely appealed.

## DISCUSSION

A.      *The Judgment Is Not Appealable*

Jackson argues substantial evidence did not support the findings on any of the four counts. He also argues that, because the City violated his *Skelly* rights, he was entitled to back pay.[7] We sent the parties a letter under Government Code section 68081 requesting supplemental briefing on whether— "focusing on the nature of the particular remand order" (*Dhillon v. John Muir Health* (2017) 2 Cal.5th 1109, 1116 (*Dhillon*))—the superior court's judgment is an appealable final judgment. Because we conclude it is not, we dismiss the appeal.

---

[7]      Where an employer has disciplined an employee without affording the procedural safeguards required by *Skelly*, "the remedy for the employee . . . is to award back pay for the period of wrongful discipline." (*Barber v. State Personnel Bd.* (1976) 18 Cal.3d 395, 402.) The employee is generally entitled to back pay from the date of discipline to "the date on which he is given a meaningful opportunity to respond" to the charges, "less interim wages earned." (*Kempland v. Regents of University of California* (1984) 155 Cal.App.3d 644, 651.)

8

1. *Applicable Law*

Code of Civil Procedure "[s]ection 904.1, subdivision (a), governs the right to appeal in civil actions. It codifies the 'one final judgment rule,' which provides that an ""an appeal may be taken only from the final judgment in an entire action."""" (*Kaiser Foundation Health Plan, Inc. v. Superior Court* (2017) 13 Cal.App.5th 1125, 1138; see *In re Baycol Cases I & II* (2011) 51 Cal.4th 751, 756; see also *Dhillon*, *supra*, 2 Cal.5th at p. 1115 ["In general, an adverse ruling in a judicial proceeding is appealable once the trial court renders a final judgment."].) Because an "application for a writ of administrative mandamus is a 'special proceeding of a civil nature' governed by the provisions of part 3 of the Code of Civil Procedure," the one final judgment rule "applies equally in administrative mandamus proceedings." (*Dhillon*, at p. 1115.)[8] "The existence of an appealable judgment is a jurisdictional prerequisite to an appeal." (*Jennings v. Marralle* (1994) 8 Cal.4th 121, 126; see *Brown v. Upside Gading, LP* (2019) 42 Cal.App.5th 140, 144.)

2. Dhillon

In *Dhillon*, *supra*, 2 Cal.5th 1109 the Supreme Court addressed the appealability of an order or judgment on a petition for writ of administrative mandate that, like the judgment here,

---

[8]    Section 1110 of the Code of Civil Procedure provides: "The provisions of Part II of this Code relative to new trials and appeals, except in so far as they are inconsistent with the provisions of [Title 1 of Part 3], apply to the proceedings mentioned" in Title 1 of Part 3. Title 1 of Part 3 contains section 1094.5, which governs petitions for writ of administrative mandate, and Part 2 contains section 904.1, subdivision (a), which codifies the one final judgment rule.

9

"does not grant substantive relief, but instead remands the cause for further proceedings before the administrative agency." (*Dhillon*, at p. 1114.) Prior to the Supreme Court's decision in *Dhillon*, courts had reached different conclusions on this issue. (Compare *Gillis v. Dental Bd. of California* (2012) 206 Cal.App.4th 311, 318 ["'A remand order to an administrative body is not appealable.'"] with *Quintanar v. County of Riverside* (2014) 230 Cal.App.4th 1226, 1231-1233 [judgment remanding a disciplinary proceeding to a hearing officer to determine appropriate discipline is appealable].)

*Dhillon* involved a dispute between a doctor and the operator of medical facilities where the doctor had clinical privileges. (*Dhillon*, *supra*, 2 Cal.5th at p. 1112.) After a colleague lodged a complaint against the doctor, the hospital operator required the doctor to attend an anger-management program; when the doctor refused, the hospital operator notified the doctor it intended to suspend his clinical privileges for 14 days. (*Ibid*.) The doctor requested a hearing before the hospital operator's judicial review committee, which the hospital operator declined to provide. (*Ibid*.) The doctor filed a petition for writ of administrative mandate in the superior court. The court granted the petition in part, ruling the hospital operator had violated the doctor's due process rights by suspending his clinical privileges without a hearing and ordered the hospital operator to give the doctor a hearing. (*Id*. at p. 1113.)

The Court of Appeal dismissed the hospital operator's appeal from the judgment, but the Supreme Court reversed. Citing the United States Supreme Court's decision in *Sullivan v. Finkelstein* (1990) 496 U.S. 617, the California Supreme Court stated: "[W]e do not here undertake to answer 'the broad

question whether remands to administrative agencies are always immediately appealable.' [Citation.] Instead, focusing on the nature of the particular remand order before us," two sets of "considerations lead us to conclude that the superior court's order partially granting [the] writ petition was an appealable final judgment." (*Dhillon, supra*, 2 Cal.5th at p. 1116.) First, the Supreme Court explained, "the superior court either granted or denied each of [the doctor's] claims" and "did not reserve jurisdiction to consider any issues." (*Id.* at pp. 1116-1117.) Therefore, "as a formal matter, . . . nothing remained to be done" in the superior court, and "no issue was then left for the court's "'future consideration except the fact of compliance or noncompliance with the terms of the first decree.'"'" (*Id.* at p. 1117; see *Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 698.)

Second, the Supreme Court observed that, "as a practical matter," if the hospital operator could not immediately appeal, "the trial court's interpretation of [the hospital operator's] bylaws may effectively evade review." (*Dhillon, supra*, 2 Cal.5th at p. 1117.) The Supreme Court explained the hospital operator's review board could not "overturn the superior court's determination that [the doctor] was entitled to the . . . hearing in the first place." (*Ibid.*) Therefore, if the hospital operator ultimately prevailed in the administrative proceedings, it "would have no basis for seeking review of the decision," and "that would be the end of the matter." (*Id.* at pp. 1117-1118.)

11

### 3. *The Judgment Is Not a Final Appealable Judgment*

The Supreme Court's first reason for concluding the judgment in *Dhillon* was appealable applies here. The trial court granted (in part) Jackson's claim for a writ of administrative mandate and did not reserve jurisdiction to consider any other issues. Nothing remained to be done in the trial court—at least not unless and until on remand the Board imposed a new disciplinary penalty and Jackson filed another petition for administrative mandate.

But the second reason—that the issues raised on appeal may effectively evade review if there is no right to immediate appeal—does not apply here. As discussed, Jackson challenges the findings on each of the four counts and argues he was entitled to back pay because the City violated his *Skelly* rights. On remand, because the trial court set aside the Board's decision, the Board will reconsider the finding on count 1 (reporting late) and the appropriate disciplinary penalty for all counts, as well as whether the City violated Jackson's *Skelly* rights in connection with count 2 (reporting unfit/reporting not in uniform). If the Board imposes different discipline or declines to award Jackson back pay, Jackson may file a new or supplemental petition for writ of mandate and, if unsatisfied with the outcome, can appeal from the ensuing judgment. (*Dhillon, supra,* 2 Cal.5th at p. 1113; see *Kumar v. National Medical Enterprises, Inc.* (1990) 218 Cal.App.3d 1050, 1056 (*Kumar*) [where the trial court set aside a hospital board's prior disciplinary decision action against a doctor, the doctor was "not aggrieved until such time as he may be adversely affected by a 'new' final decision by the [b]oard," at which point he could "then seek judicial review a second time"];

*Talmo v. Civil Service Com.* (1991) 231 Cal.App.3d 210, 221-223 [where the trial court initially entered judgment granting a petition for writ of mandate and remanding disciplinary proceedings to an agency for further consideration, the order granting a supplemental writ petition following a new agency decision was appealable].)  And in that appeal, as counsel for the Board stipulated at oral argument, Jackson may challenge the proceedings on remand and any intermediate adverse rulings that necessarily affected the judgment, including the trial court's order granting in part the first writ petition.  (See Code Civ. Proc., § 906 [on appeal from final judgment, "the reviewing court may review . . . any intermediate ruling, proceeding, order or decision which involves the merits or necessarily affects the judgment or order appealed from or which substantially affects the rights of a party"]; *Lopez v. Brown* (2013) 217 Cal.App.4th 1114, 1132 [same].)

In *Dhillon* the Supreme Court relied on both considerations—that the trial court did not retain jurisdiction and that the hospital operator's challenge to the order could effectively evade review—in concluding the judgment in that case was an appealable final judgment.  The appealability of a judgment remanding proceedings to an agency that satisfies the first condition but not the second is a closer question, one the Supreme Court has not addressed.  Under the circumstances here, however, we conclude the judgment is not appealable.

The court's decision in *Kumar*, *supra*, 218 Cal.App.3d 1050 is instructive.  The facts in *Kumar* were similar to those in *Dhillon*; the executive committee of a hospital sought to terminate a physician's privileges.  (*Id.* at p. 1052.)  Following an internal review process, the governing board of the hospital

13

terminated the physician's privileges and conditioned reinstatement of those privileges on the physician completing a fellowship. (*Id.* at p. 1053.) The physician filed a petition for writ of mandate, claiming he did not receive a "fair procedure." (*Id.* at pp. 1053-1054.) The trial court granted the petition in part, "set aside" the board's decision, and remanded for further proceedings. (*Id.* at p. 1054.)

The physician appealed, arguing the trial court should have unconditionally reinstated him. The court in *Kumar* dismissed the appeal, holding the physician had to exhaust his administrative remedies before seeking any further judicial relief. The court in *Kumar* stated the trial court had reversed the "only 'final' decision" rendered by the board that adversely affected the physician—the board's decision terminating the physician's privilege. Therefore, the court concluded, the physician had to again obtain a final administrative decision before seeking further relief in the courts. (*Kumar, supra*, 218 Cal.App.3d at p. 1055.) The same analysis applies here. The trial court vacated the Board's decision upholding Jackson's suspension. Therefore, there is no longer a final administrative decision from which Jackson can seek judicial relief, and Jackson must exhaust his administrative remedies before seeking any further relief in the courts. (See *Plantier v. Ramona Municipal Water Dist.* (2019) 7 Cal.5th 372, 382-383 ["'an administrative remedy is exhausted only upon "termination of all available, nonduplicative administrative review procedures"'"; "'[t]he rule "is not a matter of judicial discretion, but is a fundamental rule of procedure . . . binding upon all courts"'"].)

One could argue that, in light of *Dhillon*, *Kumar* (which predated *Dhillon*) may not still be good law. In *Dhillon*, *supra*,

2 Cal.5th 1109, however, the Supreme Court declined to decide whether *Kumar* was correctly decided. The Supreme Court distinguished *Kumar* because the doctor in *Kumar* "would have had a later opportunity to raise an appellate challenge to the hospital's discipline if he did not prevail in the administrative hearing: He could file a second petition for administrative mandamus, and if the trial court ruled against him, he could appeal from the denial of his petition." (*Dhillon*, at p. 1118, fn. 4.) "This practical consideration," according to the Supreme Court in *Dhillon*, distinguished *Kumar* on its facts. (*Ibid.*) The same practical consideration distinguishes this case from *Dhillon*. Like the doctor in *Kumar*, Jackson may file another petition for administrative mandate if he does not prevail before the Board on remand, and if the trial court rules against him, he may appeal from the judgment denying that petition. (See *County of Los Angeles v. Los Angeles County Civil Service Com.* (2018) 22 Cal.App.5th 174, 186 ["as a practical matter," the trial court's order remanding a disciplinary proceeding to a civil service commission to make additional findings and reconsider the penalty "would not evade appellate review even though not immediately appealable" because, if the trial court upheld the commission's adverse postremand decision, the employee could appeal from the final judgment].)[9] The judgment here is not appealable for the same reason the judgment in *Kumar* was not appealable.

---

[9] In *County of Los Angeles v. Los Angeles County Civil Service Com.*, *supra*, 22 Cal.App.5th 174 the trial court retained jurisdiction to review the Commission's postremand decision. (*Id.* at p. 186.) Therefore, the first consideration in *Dhillon* applied.

Similar remand orders are not appealable in federal court.[10] Under title 28 United States Code section 1291 the federal courts of appeal generally "have jurisdiction only over appeals from final orders . . . ." (*Chugach Alaska Corp. v. Lujan* (9th Cir. 1990) 915 F.2d 454, 457; see 28 U.S.C. § 1291 ["[t]he courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States"]; *Behrens v. Pelletier* (1996) 516 U.S. 299, 305 ["The requirement of finality precludes consideration of decisions that are subject to revision, and even of 'fully consummated decisions [that] are but steps towards final judgment in which they will merge.'"].) Remand orders to administrative agencies "generally are not 'final decisions' for purposes of section 1291." (*Alsea Valley Alliance v. Department of Commerce* (9th Cir. 2004) 358 F.3d 1181, 1184; see *Chugach*, at p. 457; *Lakes Pilots Assn., Inc. v. U.S. Coast Guard* (D.C. Cir. 2004) 359 F.3d 624, 625 (*Lakes Pilots Assn.*).) A limited exception applies "'where (1) the district court conclusively resolves a separable legal issue, (2) the remand order forces the agency to apply a potentially erroneous rule which may result in a wasted proceeding, and (3) review would, as a practical matter, be foreclosed if an immediate appeal were

---

[10] While the Supreme Court in *Dhillon* acknowledged "principles of finality under federal and California law may not be coextensive," the Court stated federal authority governing when a district court order remanding a matter to an agency is appealable "reinforce[d]" the Court's "conclusion that practical unreviewability is a relevant consideration." (*Dhillon, supra*, 2 Cal.5th at p. 1118, fn. 4.) So, too, does federal authority reinforce our conclusion the judgment granting Jackson's petition for writ of administrative mandate in part is not a final appealable judgment.

16

unavailable.'" (*Alsea Valley Alliance*, at p. 1184; see *Lakes Pilots Assn.*, at p. 624; *Chugach*, at p. 457.)

As one federal court explained, "The third requirement" of the exception—that the decision is not susceptible of appeal from a final judgment—"is met when 'the agency to which the case is remanded seeks to appeal and it would have no opportunity to appeal after the proceedings on remand.'" (*Lakes Pilots Assn.*, *supra*, 359 F.3d at p. 625; see *Alsea Valley Alliance v. Department of Commerce*, *supra*, 358 F.3d at p. 1184 ["In previous cases, the remand orders we have recognized as satisfying this requirement have been uniform in one respect: all were challenged on appeal by an administrative agency."].) "The principle is not normally available," however, "to the agency's adversary." (*Lakes Pilots Assn.*, at p. 625.) "This is no mere coincidence. Rather, it underscores that" in most cases "only *agencies* compelled to refashion their own rules face the unique prospect of being deprived of review altogether." (*Alsea Valley Alliance*, at p. 1184.) That was essentially the situation in *Dhillon*.

The party opposing the agency's action, on the other hand, "will still be aggrieved by the outcome (assuming that the [agency] doesn't spontaneously change its position . . .) and thus will be able again to seek judicial review, including review in the court of appeals, raising not only new issues but all those on which it got no satisfaction in its original challenge." (*Lakes Pilots Assn.*, *supra*, 359 F.3d at p. 625; see *C.W. v. Denver County School District No. 1* (10th Cir. 2021) 994 F.3d 1215, 1222 ["a private litigant's objections" to a district court's remand order "are usually 'reviewable upon conclusion of the remand proceedings'"].) That is the situation here, as it was in *Kumar*, *supra*, 218 Cal.Ap.3d 1050. (See also *C.W.*, at p. 1218

17

[district court order remanding for a school board to determine the relief due to a student under the Individuals with Disabilities Education Act was not a final order]; *Farr v. Heckler* (11th Cir. 1984) 729 F.2d 1426, 1427 [district court order reversing a denial of social security disability benefits to a claimant and remanding to the Secretary of Health and Human Services for further consideration of the claimant's ability to work was not a final order because, "[d]epending on the . . . determination, there may be another appeal to the district court and subsequently to [the appellate] court"].)

Finally, the policies underlying the one final judgment rule support the conclusion the judgment granting Jackson's petition for writ of administrative mandate in part is not appealable. "'"The theory [behind the one final judgment rule] is that piecemeal disposition and multiple appeals in a single action would be oppressive and costly, and that a review of intermediate rulings should await the final disposition of the case."'" (*In re Baycol Cases I & II, supra,* 51 Cal.4th at p. 756; see *Allen v. San Diego Convention Center Corp., Inc.* (2022) 86 Cal.App.5th 589, 595.) For us to consider in this appeal the issues Jackson raises would invite the type of burdensome, piecemeal disposition of the disciplinary proceeding and raise the possibility of multiple appeals the one final judgment rule is intended to avoid. Indeed, because the trial court set aside the disciplinary penalty and directed the Board to reconsider the appropriate penalty, the circumstances are similar to where "a trial is bifurcated and first proceeds on the issue of liability." (*Walton v. Magno* (1994) 25 Cal.App.4th 1237, 1240.) In such cases, "no appeal is allowed until both the liability and damage phases of the trial have been completed." (*Ibid.*; see *Baker v. Castaldi* (2015) 235 Cal.App.4th

18

218, 223 [judgment in favor of the plaintiff and awarding compensatory damages was not a final appealable judgment where punitive damages remained to be tried].)

Similarly, the policies underlying the exhaustion of administrative remedies doctrine support treating the judgment here as nonfinal.  Like the one final judgment rule, the exhaustion doctrine is, in part, "grounded on policy concerns related to . . . judicial efficiency." (*Plantier v. Ramona Municipal Water Dist.*, *supra*, 7 Cal.5th at p. 383; see *Lafayette Bollinger Development LLC v. Town of Moraga* (2023) 93 Cal.App.5th 752, 770.)  "[T]he doctrine allows an administrative agency to provide relief without requiring resort to costly litigation." (*Plantier*, at p. 383; see *Hill RHF Housing Partners, L.P v. City of Los Angeles* (2021) 12 Cal.5th 458, 478 [the exhaustion doctrine can "mitigate damages, [and] relieve burdens that might otherwise be imposed on the court system"].)  "Even when an administrative remedy does not resolve all issues or provide complete relief, it still may reduce the scope of litigation." (*Plantier*, at p. 383; see *KCSFV I, LLC v. Florin County Water Dist.* (2021) 64 Cal.App.5th 1015, 1035.)

Because the superior court has remanded the matter for the Board to reconsider certain issues, the Board's decision on remand may reduce the scope of the litigation.  Until the Board decides there was no violation of Jackson's *Skelly* rights or declines to award him back pay (if the Board reaches either of those conclusions), review of those issues is premature.  Similarly, until the Board imposes a new disciplinary penalty (if any) on Jackson, appellate review of Jackson's challenges to the findings on counts 2, 3, and 4 is also premature.  "Any determination of merits would, therefore, be an advisory opinion"

19

(*Morgan v. Ygrene Energy Fund, Inc.* (2022) 84 Cal.App.5th 1002, 1018), and "a court should avoid advisory opinions involving hypothetical facts" (*Benitez v. North Coast Women's Care Medical Group, Inc.* (2003) 106 Cal.App.4th 978, 991; see *Neary v. Regents of University of California* (1992) 3 Cal.4th 273, 284 ["The well-established rule is that we should avoid advisory opinions."]).

B. *We Decline To Treat Jackson's Appeal as a Petition for Writ of Mandate*

Jackson asks that, if we conclude the judgment is not appealable, we treat his appeal as a petition for writ of mandate. "'An appellate court has discretion to treat a purported appeal from a nonappealable order as a petition for writ of mandate, but that power should be exercised only in unusual circumstances.'" (*Williams v. Impax Laboratories, Inc.* (2019) 41 Cal.App.5th 1060, 1071; see *Olson v. Cory* (1983) 35 Cal.3d 390, 401; *H.D. Arnaiz, Ltd. v. County of San Joaquin* (2002) 96 Cal.App.4th 1357, 1366-1367.)

Jackson asserts "the case presents issues of substantial and continuing public interest." That is not true here. We may review a nonappealable interlocutory order by writ of mandate where "'the issues presented are of great public importance and must be resolved promptly . . . .'" (*Litmon v. Superior Court* (2004) 123 Cal.App.4th 1156, 1166; see *Powers v. City of Richmond* (1995) 10 Cal.4th 85, 113; *Hornung v. Superior Court* (2000) 81 Cal.App.4th 1095, 1098.) Jackson, however, does not identify any issues of great public importance or explain why we must resolve those issues promptly. To the contrary, Jackson's appeal involves a unique factual scenario where his employer disciplined him for conduct that occurred during a brief period

20

while he was at work and reporting for duty, but retroactively granted him sick leave that covered the day of the incident in question.  While Jackson cites various provisions of the FMLA and invokes his right to due process, he does not explain why the public has any special interest in the application of either legal principle to this case.

Jackson also argues the appeal "presents an issue of first impression, the issue has been thoroughly briefed and our determination is purely one of law."  While reviewing courts will occasionally exercise their discretion to treat an appeal as a writ petition "to review questions of first impression," they generally do so where the question is "of general importance to the trial courts and to the profession" (*Pacific Tel. & Tel. Co. v. Superior Court* (1970) 2 Cal.3d 161, 169; see *Anderson v. Superior Court* (1989) 213 Cal.App.3d 1321, 1328) or where "review by writ is the statutorily prescribed mode of review" (*Zabetian v. Medical Board* (2000) 80 Cal.App.4th 462, 466).  Neither exception applies here.  Moreover, Jackson's appeal does not raise purely legal issues.  Jackson challenges the findings on the counts asserted against him, findings we would review for substantial evidence. (See *Fukuda v. City of Angels* (1999) 20 Cal.4th 805, 825; *Cate v. State Personnel Bd.* (2012) 204 Cal.App.4th 270, 281.)

Finally, Jackson contends his appeal involves a controversy that is "capable of repetition and yet evade[s] review."  Jackson does not explain why this appeal involves a controversy capable of repetition.  And as discussed, the issues he raises in this appeal will not evade review.

## DISPOSITION

The appeal is dismissed.

SEGAL, Acting P. J.

We concur:

FEUER, J.

MARTINEZ, J.