Filed 6/30/14  Hyhaw v. St. Francisco Medical Center Executive Committee CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| CLARENCE M. HYSHAW, | B249424 |
| Plaintiff and Appellant, | |
| v. | (Los Angeles County Super. Ct. No. TS014552) |
| SAINT FRANCIS MEDICAL CENTER MEDICAL EXECUTIVE COMMITTEE et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  William P. Barry, Judge.  Affirmed.

_____

Peterson, Bradford, Burkwitz, George E. Peterson; and Wayne J. King for Plaintiff and Appellant.

Van Hall Law Office, Suzanne F. van Hall; Horgan, Rosen, Beckham & Coren, and Richard A. McDonald for Defendants and Respondents.

_____

Dr. Clarence M. Hyshaw petitioned the superior court for a writ of administrative mandate, seeking to overturn a hospital's determination that he did not qualify for reinstatement following a leave of absence. The superior court dismissed the petition on the ground that Hyshaw failed to exhaust his administrative remedies. Hyshaw appeals, and we affirm.

BACKGROUND

Hyshaw is a licensed physician who completed his residency in neurosurgery in 1980. He was admitted to the staff of St. Francis Medical Center (the Hospital) in the 1980s.

In 2009, the Hospital's Medical Executive Committee (the Committee) identified certain concerns regarding Hyshaw's professional performance. After an unfavorable initial evaluation by the Physician Assessment and Clinical Evaluation Program at the University of California, San Diego Medical Center, the Hospital's chief of staff offered Hyshaw two options: take a temporary leave of absence or be summarily suspended. Hyshaw chose to take a temporary leave of absence.

Hyshaw subsequently sought reinstatement, and the Committee denied his request on March 10, 2010. Hyshaw requested a hearing before a "judicial review committee," and the hearing was conducted on September 19, November 15, and December 21, 2011.

The judicial review committee issued its written decision on January 11, 2012. The decision stated that the judicial review committee unanimously concluded that the Committee's denial of Hyshaw's request for reinstatement was "reasonable and warranted." The decision further stated that "[w]ithin 15 days of receipt of the [judicial review committee's] decision," Hyshaw could "request appellate review by the Board of Directors of the hospital."

Hyshaw timely requested appellate review. By letter to Hyshaw dated March 29, 2012, the hearing officer for the appeal confirmed that the appeal would be heard on April 23, 2012. The same letter informed Hyshaw that his opening brief was due April 6, 2012.

2

On April 23, 2012, the appeal board issued its unanimous written decision. The decision stated that although in the morning of April 6 the hearing officer for the appeal left a voice message for Hyshaw reminding him of the deadline for his opening brief, Hyshaw "did not respond to the April 6, 2012 deadline." The decision concluded that although Hyshaw "has had sufficient opportunity to comply with the requirements" for prosecuting his appeal, and was "given multiple opportunities to request a continuance and state his reasons for same," Hyshaw "has not met the requirements" for prosecuting his appeal from the judicial review committee's decision. The appeal board accordingly affirmed the judicial review committee's decision.

By letter to the hearing officer dated May 3, 2012, Hyshaw said that the officer's letter of March 29 (giving Hyshaw notice of the April 23 hearing date) gave him (Hyshaw) "less than 30 days to confirm," and Hyshaw suggested that "we . . . [r]econsider the hearing date." The record does not contain a response to Hyshaw's letter of May 3, but Hyshaw alleges that the appeal board's decision was "unfair," particularly in light of the board's "refusal to consider" the "request for additional time" contained in his May 3 letter.

Hyshaw then filed in the superior court an "application for writ of mandamus reinstatement of medical privileges." (Boldface and capitals omitted.) The Committee was the only named respondent, and it moved to strike the petition on numerous procedural grounds. The respondents' brief in the present appeal states that the superior court granted the motion with leave to amend, but, as best we can determine, the record on appeal does not contain an order ruling on the motion. In any event, on January 17, 2013, Hyshaw filed an amended petition, in which he added the Daughters of Charity Health Systems Board of Directors (Daughters of Charity) as a respondent.

The Committee and Daughters of Charity demurred to the first amended petition. They argued that the court lacked jurisdiction because Hyshaw failed to exhaust his administrative remedies. They also argued that Daughters of Charity was not a proper party, because "the Daughters of Charity Health System is a separate corporation from St. Francis Medical Center, and has had nothing whatsoever to do with the medical staff

3

proceedings involving Dr. Hyshaw." The Committee and Daughters of Charity also filed another motion to strike the petition.

The superior court sustained the demurrer without leave to amend, agreeing with both grounds advanced by the Committee and Daughters of Charity. The court then entered judgment dismissing the action with prejudice and awarding attorney fees and costs to respondents, in amounts to be determined, pursuant to Business and Professions Code section 809.9. On respondents' motion, the court later awarded $57,106.25 in fees and costs. Hyshaw timely appealed from the judgment.

STANDARD OF REVIEW

In reviewing a judgment after a demurrer was sustained without leave to amend, we "must assume the truth of the [petition]'s properly pleaded or implied factual allegations" and "must also consider judicially noticed matters," and "we determine whether the [petition] states facts sufficient to state a cause of action." (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.) We also "rely on and accept as true the contents of the exhibits" to the petition. (*Barnett v. Fireman's Fund Ins. Co.* (2001) 90 Cal.App.4th 500, 505.)

DISCUSSION

"[B]efore a doctor may initiate litigation challenging the propriety of a hospital's denial or withdrawal of privileges, he must exhaust the available internal remedies afforded by the hospital." (*Westlake Community Hosp. v. Superior Court* (1976) 17 Cal.3d 465, 469.) The doctor "must pursue the internal remedies afforded by that hospital to a final decision on the merits before resorting to the courts for relief." (*Unnamed Physician v. Board of Trustees* (2001) 93 Cal.App.4th 607, 619; see also *Kumar v. National Medical Enterprises, Inc.* (1990) 218 Cal.App.3d 1050, 1055 ["a party must go through the entire proceeding to 'a final decision on the merits of the entire controversy' before resorting to the courts for relief"].) And the failure to exhaust administrative remedies bars judicial relief even if the unexhausted administrative remedy is no longer available, "as to hold otherwise would obviously permit

4

circumvention of the entire judicial policy behind the doctrine." (*Roth v. City of Los Angeles* (1975) 53 Cal.App.3d 679, 687.)

The exhibits attached to Hyshaw's petition show that he did not file an opening brief in his appeal from the decision of the judicial review committee. The petition contains no allegation to the contrary. Because Hyshaw did not exhaust his administrative remedies, his petition for administrative mandamus is barred, unless an exception to the administrative exhaustion requirement (e.g., futility) applies. Hyshaw does not argue that any exception applies.

Instead, Hyshaw argues that he was prevented from exhausting his administrative remedies, or perhaps that he was excused from exhausting them, because he was not given proper notice of the briefing schedule, hearing date, and other matters pursuant to the Hospital's Medical Staff Bylaws (Bylaws). In particular, he points out that the Bylaws define "special notice" as "a written communication delivered personally to the required addressee or sent by United States Postal Service, First-Class Postage Prepaid, Certified or Registered Mail, Return Receipt Requested, addressed to the required addressee at this address as it appears in the records of this hospital." He claims that he did not receive such special notice of the hearing date, briefing schedule, and various other matters.

We conclude that the argument lacks merit. Although the Bylaws do require special notice of certain things, they do not require special notice of the hearing date or briefing schedule for an appeal from a decision of a judicial review committee. They require only "notice." Hyshaw does not identify any Bylaw that requires special notice for an event, proceeding, or other matter of which he did not receive special notice.

Hyshaw's opening brief contains no other argument against application of the administrative exhaustion requirement.[1] In addition, Hyshaw asks that we overturn the

---

[1]    Most of the arguments in Hyshaw's opening brief relate to matters that are irrelevant to the administrative exhaustion issue, and others are unsupported on their face. For example, Hyshaw argues that the hearing officer for Hyshaw's appeal from the judicial review committee's decision received from Hyshaw a request for a continuance

5

award of attorney fees pursuant to Business and Professions Code section 809.9, but he fails to argue in support of that request (apart from his contention that "the [c]ourt's decision that appellant did not exhaust his administrative remedies is in error," which we have rejected). We therefore must affirm the judgment of dismissal in its entirety, and we need not address the other issues Hyshaw raises.

DISPOSITION

The judgment is affirmed. Respondents shall recover their costs of appeal.

<u>NOT TO BE PUBLISHED</u>.

ROTHSCHILD, Acting P. J.

We concur:

JOHNSON, J.

WILEY, J.[*]

---

on April 12, 2012, well ahead of the April 23 hearing date. Hyshaw's only citation to the record in support of that argument refers to a page of the reporter's transcript of the hearing on respondents' demurrer to the first amended petition, at which Hyshaw's counsel made the same argument. The trial court asked counsel whether the record contained any evidence of such a request for a continuance. After some evasive answers and further questioning from the court, Hyshaw's counsel eventually admitted that the continuance request was "not in the material that you have at this point."

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.