Filed: 3/24/15  Fix the City v. City of Los Angeles CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| FIX THE CITY, INC. et al., | B257712 |
| Plaintiffs and Respondents, | |
| v. | (Los Angeles County Super. Ct. Nos. BS138580, BS138570, BS138369) |
| CITY OF LOS ANGELES et al., | |
| Defendants and Appellants; | |
| HOLLYWOOD CHAMBER OF COMMERCE, | |
| Intervener and Appellant. | |

APPEALS from orders of the Los Angeles Superior Court, Allan J. Goodman, Judge.  Dismissed.

Michael N. Feuer, City Attorney, Terry Kaufmann Macias, Assistant City Attorney, Timothy McWilliams, Deputy City Attorney, Siegmund Shyu, Deputy City Attorney, and Michael J. Bostrom, Deputy City Attorney for Defendants and Appellants.

Angel Law, Frank P. Angel and Jessica Cheng; Strumwasser & Woocher, Frederic D. Woocher and Beverly Grossman Palmer; and The Silverstein Law Firm, Robert P. Silverstein and Bradly S. Torgan for Plaintiffs and Respondents.

Liner Grode Stein Yankelevitz et al. and Edward A. Klein, for Intervener and Appellant.

# I. INTRODUCTION

These are purported appeals from orders entered after judgment by defendants, City of Los Angeles, Los Angeles City Council and Los Angeles Department of Planning. The orders at issue were entered in three related cases, Los Angeles Superior Court case Nos. BS138580, BS138570 and BS138369 which have been consolidated on appeal. These appeals must be dismissed because each is from non-final post-judgment amended writs of mandate and orders and thus are not appealable.

# II. BACKGROUND

The present case arises from the filing of separate but related writ of mandate petitions and declaratory and injunctive relief complaints against defendants. Plaintiffs are: Fix the City, Inc. (case No. BS138580); SaveHollywood.Org (case No. BS138370), and La Mirada Avenue Neighborhood Association of Hollywood (case No. BS138369). Plaintiffs' petitions and complaints challenge defendant's approval of the "Hollywood Community Plan Update" and certification of a related environmental impact report. On February 11, 2014, the trial court entered essentially identical judgments granting plaintiffs' mandate petitions in case Nos. BS138580, BS138370 and BS138369. Each February 11, 2014 judgment requires defendants to "rescind, vacate, and set aside all actions approving the Hollywood Community Plan Update" and certifying the environmental impact report. In addition, defendants were ordered to set aside related approvals issued in furtherance of the Hollywood Community Plan Update. The approvals that were to be set aside include amendments to the General Plan Transportation and Framework Elements made to reflect changes in the Hollywood Community Plan Update.

In addition, defendants were given the opportunity to exercise their discretion to amend the Hollywood Community Plan. But they were required to do so in a manner that conforms to the City of Los Angeles General Plan and the requirements of the

California Environmental Quality Act.  Each judgment also required the filing of a return.  For example, the judgment in the mandate proceeding filed by plaintiff, Fix The City, Inc., states:  "**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that [defendants] shall make an initial return to the Peremptory Writ of Mandate under oath specifying what [defendants] have done or are doing to comply with the Writ, and to file that return with the Court, and serve that return by hand or facsimile upon [plaintiff's] counsel of record in this proceeding, no later than 90 days after issuance of the Writ and service on [defendant].  Any objections to said Return shall be filed no later than 40 days after the service date of the Return.  [¶]  [Defendants] shall file a supplemental return after taking all actions to comply with the peremptory writ of mandate.  . . .  [¶]  The Court reserves jurisdiction in this action until there has been full compliance with the writ as provided in Code of Civil Procedure Section 1097."  All three peremptory writs of mandate were filed on the same date, February 11, 2014.  No appeal was taken from the February 11, 2014 writs of mandate.

On February 19, 2014, defendants filed their single initial return to portions of the February 11, 2014 peremptory writs of mandate.  The initial return related to the injunctive order preventing them "from granting any authority, permits or entitlements which derive from the" Hollywood Community Plan or the environmental impact report.  No issue has been raised concerning the filing of the February 11, 2014 initial return.  On April 9, 2014, defendants filed another return, which addresses several omissions in the February 11, 2014 return.

On July 14, 2014, a "Peremptory Writ of Mandate As Amended July 14, 2014" was filed in each case.  The substance of the amended writs of mandate is the same as those filed on February 11, 2014 with one exception.  In the amended writs of mandate, the following sentence appearing in the February 11, 2014 writs of mandate was deleted, "[Defendants] shall file a supplemental return after taking all actions to comply with this Writ."  In its place the following language was inserted in the July 14, 2014 amended writs of mandate:  "[Defendants] shall file and serve on each other party to this proceeding a single Final Return after taking all actions to comply with this Writ.

4

Thereafter, any [plaintiff] may file its objections to the Final Return within 60 days of the date of filing of the Return. [¶] Any [plaintiff] may apply to this [c]ourt for an extension of time in which to file such objections by giving ex parte notice that an extension of time is being sought, provided that notice that such request is being made shall be given at least 72 hours prior to the date for the hearing of that request and provided that the text of any such ex parte application to extend time shall be delivered to each other party at least 24 hours prior to the hearing thereon. The reasons constituting good cause for granting that extension of time shall be stated in the ex parte application. [¶] In the event[, if defendants] believe they have need to file multiple 'final' returns, or any other 'initial returns' they may not do so unless they first receive permission from this [c]ourt. To obtain that permission, [defendants] shall first apply ex parte and obtain that permission using the same notice and hearing provisions set out above. [Defendants] may not file any further 'interim' returns without complying herewith."

Also on July 14, 2014, in conjunction with the foregoing, the trial court issued a joint written "Ruling and Order on Matters Submitted June 24, 2014." The ruling related to matters presented by plaintiffs, Fix the City, Inc. and La Mirada Avenue Neighborhood Association of Hollywood. The trial court summarized its ruling as to issues raised by La Mirada Avenue Neighborhood Association of Hollywood: "[Defendants'] compliance will ultimately be determined once they have filed the [f]inal [r]eturn. At this stage in this litigation it does appear, however, that [the city council's] adoption of the April 2 resolution errs, inter alia, by suggesting that it need not redraft the [Hollywood Community Plan], its [environmental impact report] and related documents to provide appropriate monitoring or recording programs; and [defendants'] actions constitute a misstatement and misapplication of the City Charter, state law and the February 11, 2014 [j]udgment." In its July 14, 2014, minute order, the trial court addressed its amended writs of mandate and the ruling of that date, "Based on the deemed objections by Fix the City[, Inc.] to [defendant's'] actions taken April 2, 2014, the [c]ourt orders [defendants] to reconsider the actions taken that date, as described in the [July 14, 2014 order]." In its July 14, 2014 minute order, the trial court explained the filings of the amended writs of

5

mandate. The purpose of the amended writs of mandate was to clarify the process for a single further and final return and plaintiffs' objections thereto. As noted, the foregoing ruling was issued in a minute order in case No BS138580, the proceeding brought by La Mirada Avenue Neighborhood Association of Hollywood.

Also on July 14, 2014, a minute order was issued in connection with issues raised in case No. BS138370, the proceeding brought by plaintiff, SaveHollywood.Org. The trial court explained: "It has come to the [c]ourt's attention that the [w]rit of [m]andate issued February 11, 2014 would be aided by clarifying that only a single additional - and [f]inal - [r]eturn may be appropriate to avoid piecemeal adjudications and that the time for any [plaintiff] to file objections to that [f]inal [r]eturn should be specified, and there should be added a provision to extend time to file such objections due to the expected massive nature of the [f]inal [r]eturn."

On July 22, 2014, defendants filed notices of appeal from "[a]n order after judgment" in each of the three cases.


III. DISCUSSION


The general rule that a post-judgment order may be appealed is subject to this constraint—only a *final* post-judgment order is appealable. (*Olson v. Cory* (1983) 35 Cal.3d 390, 399; *Joyce v. Black* (1990) 217 Cal.App.3d 318, 321.) Each of these appeals is taken from interlocutory orders in which the trial court remanded the cause to defendants to take further administrative actions. No appeal therefore lies from such orders. (*Gillis v. Dental Bd. of California* (2012) 206 Cal.App.4th 311, 318; *Village Trailer Park, Inc. v. Santa Monica Rent Control Bd.* (2002) 101 Cal.App.4th 1133, 1139-1140 ; *Bolsa Chica Land Trust v. Superior Court* (1999) 71 Cal.App.4th 493, 501-502; *Board of Dental Examiners v. Superior Court* (1998) 66 Cal.App.4th 1424, 1430; *Kumar v. National Medical Enterprises, Inc.* (1990) 218 Cal.App.3d 1050, 1055; *Ng v. State Personnel Bd.* (1977) 68 Cal.App.3d 600, 604; see *Talmo v. Civil Service Com.* (1991) 231 Cal.App.3d 210, 224-226; Cal. Administrative Mandamus (Cont.Ed.Bar 3d ed. 2014)

§ 16.11, pp. 5/13-5/14.)  Each of the post-judgment orders that are the subject of these three related appeals is an interlocutory order.  The orders expressly contemplate further proceedings arising from future action by defendants; the filing of final returns.  The appeals from these non-final post-judgment orders therefore must be dismissed as having been taken from nonappealable orders.

Further, this is not a proper case to treat the notices of appeal and the filing of related papers as mandate petitions.  (See *Morehart v. County of Santa Barbara* (1994) 7 Cal.4th 725, 744-747, 764-765; *Olson v. Cory*, *supra*, 35 Cal.3d at pp. 401-408; *Wells Properties v. Popkin* (1992) 9 Cal.App.4th 1053, 1055; *Mid-Wilshire Associates v. O'Leary* (1992) 7 Cal.App.4th 1450, 1455-1456.)  No substantial issues of statewide importance are present.  Moreover, the trial court's orders do not present any barriers in terms of future development.  The orders directed a final return be filed so that the trial court could determine with judicious certitude whether there was compliance with its February 11, 2014 writs of mandate.  Further, any discussion of the merits is premature in that the final return has not been filed.

## IV.  DISPOSITION

The appeals are dismissed.  Plaintiffs, Fix the City, Inc., SaveHollywood.Org, and La Mirada Avenue Neighborhood Association of Hollywood, shall recover their costs incurred on appeal from defendants:  City of Los Angeles; Los Angeles City Council; and Los Angeles Department of Planning.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

TURNER, P. J.

We concur:

MOSK, J.

KRIEGLER, J.

8