Filed 1/13/16  Tuckwell v. State Personnel Board CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| ELIZABETH TUCKWELL,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>STATE PERSONNEL BOARD et al.,<br><br>    Defendants and Respondents,<br><br><br>CALIFORNIA DEPARTMENT OF SOCIAL SERVICES,<br><br>    Real Party in Interest. | A140815<br><br>(Alameda County<br>Super. Ct. No. RG13672995) |

Elizabeth Tuckwell purports to appeal from a judgment denying her petition for a writ of mandamus.  She brought her petition in the trial court seeking review of an order of the State Personnel Board (the Personnel Board or Board) to the extent it denied her motion to compel further discovery from the California Department of Social Services (DSS) and limited the scope of evidence she could present at an administrative hearing.  We shall dismiss the appeal because it is from a nonappealable order; construed as a writ petition in this court, it is untimely.

## I.  BACKGROUND

Tuckwell worked as an attorney for DSS.  After she was dismissed from her employment, she filed an appeal with the Personnel Board.  She served DSS with a request for production of documents in October 2012.  She filed a motion to compel

1

discovery on November 2012, and on the same day, DSS served a response to her discovery request in which it asserted a number of objections and agreed to produce some documents.[1]

The parties filed prehearing/settlement conference statements (prehearing statements) in late November 2012, which were required to list all witnesses and documents the parties might present at the hearing. (Cal. Code Regs., tit. 2, § 57.1, subd. (f)(5) & (8) (Rule 57.1).) In her prehearing statement, Tuckwell averred that she had been "severely impeded by [DSS's] failure to respond to [her] Discovery Request in a constructive fashion" and that as a result she was unable to list all witnesses and documents favorable to her. Her prehearing statement included a request to file an amended list of witnesses and documents after she received additional documents pursuant to her petition to compel.

DSS filed an objection to Tuckwell's prehearing statement, arguing it did not comply with Rule 57.1 and asking to have Tuckwell barred from introducing documentary evidence or calling witnesses other than herself. On January 11, 2013, DSS filed a motion to strike Tuckwell's prehearing statement.

At a prehearing/settlement conference on February 7, 2013, an administrative law judge (ALJ) issued an order barring Tuckwell from calling certain witnesses based on her failure to provide summaries of their expected testimony in her prehearing statement.

The parties met and conferred about outstanding discovery issues in early February 2013. DSS made additional documents available to Tuckwell at its office in Sacramento, and Tuckwell reviewed the documents on March 8 and March 15, 2013.

An ALJ ruled on several outstanding motions on March 21, 2013, shortly before the evidentiary hearing was scheduled to begin. As pertinent to this appeal, the rulings were the following:

---

[1] Tuckwell served a revised petition to compel discovery in early December 2012.

(1) The ALJ denied Tuckwell's petition to compel discovery. The ALJ noted that Government Code[2] section 19574.2, subdivision (a), required a petition to compel discovery to "state facts showing that the respondent party failed or refused to comply with Section 19574.1, a description of the matters sought to be discovered, the reason or reasons why the matter is discoverable under Section 19574.1, and the ground or grounds of the respondent's refusal so far as known to the petitioner." The ALJ concluded the petition and revised petition "failed to adequately describe the matters sought to be discovered and the grounds of Respondent's refusal," that in a March 8, 2013 "Addendum to, and Re-filing of Appellant's Revised Petition to Compel Discovery," Tuckwell "failed to adequately and completely describe why the matters were discoverable," and that the petition therefore did not comply with the requirements of section 19574.2.

(2) The ALJ denied Tuckwell's request for leave to amend her prehearing statement to include additional documents she intended to offer into evidence. Tuckwell's motion was made on the ground that DSS had not responded fully to her discovery requests. The ALJ concluded that Tuckwell's petitions to compel had not complied with the statutory requirements and that she had not shown good cause for failing to submit a prehearing statement that complied with the requirements of Rule 57.1, subdivision (f)(8). The ALJ accordingly ruled that Tuckwell was limited to introducing into evidence in her case in chief only certain enumerated documents. (Rule 57.1, subd. (g).)

(3) The ALJ denied DSS's motion to strike Tuckwell's prehearing statement.

(4) The ALJ denied Tuckwell's motion to continue the March 25, 2013 evidentiary hearing.

Tuckwell brought a petition for writ of mandamus in the trial court, challenging the ALJ's March 21, 2013 order (the discovery order) on the grounds that the order denying her petition to compel further evidence and limiting the scope of the evidence

---

[2] All undesignated statutory references are to the Government Code.

she could present deprived her of due process and her statutory right to inspect documents pursuant to section 19574.1. She also sought an order staying implementation of the discovery order. On March 29, 2013, the trial court stayed the administrative proceeding during the pendency of the court proceedings. In doing so, the court noted the ALJ had begun the evidentiary hearing on March 25 and that section 19574.2 provided to Tuckwell a right to seek relief from, and a stay of, the discovery order. The court found that Tuckwell had made a sufficient showing that she had been denied access to relevant discovery and would suffer a denial of due process of law if the proceeding continued consistent with the discovery order, and set a briefing schedule.

The trial court granted in part and denied in part the petition for writ of mandamus. The court noted that the February 7, 2013 ruling excluding some of Tuckwell's witnesses was not at issue in the writ proceeding. The court found the ALJ did not abuse her discretion in ruling that the March 8, 2013 petition to compel did not satisfy the statutory requirements to describe the matter sought, why they were discoverable, and why DSS had not provided them, and that Tuckwell had not acted diligently in inspecting the documents. (§ 19574.2, subd. (a).) The court concluded, however, that the ALJ abused her discretion in prohibiting Tuckwell from introducing into evidence the documents she reviewed at DSS's office on March 8 and 15, 2013. The court reasoned that DSS had not satisfied its discovery obligations promptly and concluded it was an abuse of the ALJ's discretion "to penalize Tuckwell by denying her leave to amend her Prehearing Conference Statement to describe with further specificity the documents on which she intended to rely in the evidentiary hearing, based on her review of the documents made available by DSS on March 8 and 15." The court directed Tuckwell to prepare a proposed writ and judgment.

Tuckwell filed a motion for clarification of the trial court's order, seeking clarification of (1) whether the court's order encompassed documents Tuckwell had requested from DSS during her document review on March 8 and 15, 2013 but had not yet received, and (2) whether the order encompassed "witnesses that were removed as part of the March 21, 2013 Order and may be added to Ms. Tuckwell's Amended

4

[Prehearing] Conference Statement." The trial court granted the motion as to the first issue and denied it as to the second. In doing so, the court explained that the order excluding witnesses was made on February 7, 2013; that the writ petition challenged only the March 21, 2013 discovery order; that the discovery order addressed the exclusion of only documentary evidence; and that Tuckwell had not adequately raised or briefed any challenge to the February 7, 2013 order excluding witnesses.

The court entered a judgment affirming the denial of Tuckwell's motion to compel, directing the Board to "exercise discretion to enter a new Order allowing Petitioner Tuckwell a reasonable opportunity to amend her Pre-Hearing Conference Statement to identify documents on which she will rely at the hearing from among those made available by Respondent Department of Social Services (DSS) and reviewed by her on March 8, 2013 and March 15, 2013, as well as those documents of which Petitioner Tuckwell identified on her list of documents for Respondent DSS to retrieve as a result of her review on March 8, 2013 and March 15, 2013." The judgment also provided that the Board "shall retain full usual range of discretion to require Petitioner Tuckwell to provide the amended statement promptly, to evaluate the statement's adequacy and specificity, and to enter further Orders, and manage the litigation before it, accordingly."

## II. DISCUSSION

Tuckwell contends that the trial court failed to make findings on several issues that were raised in her petition and that, as a result, she is unable to benefit fully from the order. She points out that by the time the administrative hearing was stayed, several days of the evidentiary hearing had taken place, that DSS had completed its presentation, and that counsel for DSS had expressed his unwillingness to have its case reopened. Therefore, she argues, she will be unable to cross-examine witnesses fully using the documents she reviewed on March 8 and 15, 2013. In apparent support of this argument, she argues the Personnel Board acted improperly in concluding her prehearing statement was insufficiently specific in its description of the documents she intended to use, that the ALJ abused her discretion in denying the third motion to compel, that the ALJ erred in limiting Tuckwell's use of documents, that the trial court erred in allowing her to amend

5

her prehearing statement to add only documents she reviewed on March 8 and 15, 2013, that she should be allowed to amend her prehearing statement to add additional witnesses who might be necessary to allow her to introduce and testify about the documents, and that she acted diligently in reviewing DSS's documents.

Section 19574.1 authorizes an employee who has been served with a notice of adverse employment action to inspect relevant documents in the possession or control of the appointing power. Section 19574.2 governs petitions to compel discovery. Subdivision (a) of that statute authorizes a party to file a petition to compel discovery with the Board's Hearing Office. An ALJ then reviews the petition and issues a decision. (§ 19574.2, subd. (b).) An aggrieved party may seek judicial review of the ALJ's decision by filing a petition to compel discovery in the superior court. (§ 19574.2, subd. (b).) After reading the petition, the trial court may either deny the petition or issue an order to show cause and allow the respondent party to respond before ruling on the petition. (§ 19574.2, subd. (c).)

Section 19574.2 limits appellate review of the trial court's order: "*The order of the superior court shall be final and, except for this subdivision, shall not be subject to review by appeal.* A party aggrieved by the order, or any part thereof, may within 30 days after the service of the superior court's order serve and file in the district court of appeal for the district in which the superior court is located, a petition for a writ of mandamus to compel the superior court to set aside, or otherwise modify, its order." (§ 19574.2, subd. (h), italics added.)

The trial court's order granting in part and denying in part the petition was served on September 10, 2013, and its order on the motion for clarification was served on October 24, 2013. The judgment, which Tuckwell prepared, was entered on November 27, 2013. Tuckwell filed her notice of appeal on January 21, 2014.

DSS contends this appeal should be dismissed because the trial court's order is not appealable; that is, the matter was before the trial court pursuant to section 19574.2, and therefore the ruling could be challenged, if at all, only through a petition for writ of mandamus. Moreover, DSS contends, the appeal may not be saved by treating it as a writ

6

petition because it was filed more than 30 days after the trial court's order was served. Tuckwell contends her appeal is not from the portion of the order upholding the Board's denial of her petition to compel, but, as we have described, is based on the contention that she has been deprived of her due process right to use the documents she has received in a meaningful way in order to defend her interests.

DSS has the better of the argument. Ordinarily, a writ of mandamus may be issued to review an administrative decision only if it is final. (Code Civ. Proc., § 1094.5, subd. (a); *Kumar v. National Medical Enterprises, Inc.* (1990) 218 Cal.App.3d 1050, 1055; and see *Eight Unnamed Physicians v. Medical Executive Com.* (2007) 150 Cal.App.4th 503, 510–511 [whether writ petition is brought under traditional (Code Civ. Proc., § 1085) or administrative (Code Civ. Proc., § 1094.5) mandamus, party to administrative proceeding must go through entire proceeding to final decision on merits before resorting to courts for relief].) An exception to this rule is provided in section 19574.2, which authorizes a party to a dispute regarding an adverse personnel action to bring a petition to compel discovery in the trial court. (§ 19574.2, subd. (b).) Although Tuckwell's petition in the trial court was styled a petition for writ of mandamus rather than a petition to compel discovery, it is clear that all involved understood that Tuckwell was proceeding under section 19574.2. In its order granting Tuckwell's application for a stay of the discovery order, the trial court explicitly relied on section 19574.2 to conclude that she could seek relief in the court. Moreover, the writ petition itself invoked the statutory scheme, arguing that Tuckwell had been denied her statutory right to inspect documents under section 19574.1 (a right which is immediately reviewable as provided by section 19574.2), that she needed to inspect additional documents in order to develop her defense, and that the March 21, 2013 discovery order limiting her introduction of evidence violated her due process right to prepare her defense.[3] Having made use of section 19574.2's authorization to bring her discovery

---

[3] For this final point, she relied on two cases considering the right to discovery in disciplinary proceedings, *Nightingale v. State Personnel Board* (1972) 7 Cal.3d 507,

7

dispute to the trial courts, she may not now disown the restrictions imposed by the same statute by claiming her dispute is really about other matters.[4]

Because section 19574.2, subdivision (h), limits a party aggrieved by a trial court's ruling to a writ petition, we conclude this appeal is from a nonappealable order. Nor can it be saved by treating it as a petition for writ of mandamus. (See *Olson v. Cory* (1983) 35 Cal.3d 390, 400–401 [in unusual circumstances, purported appeal may be treated as petition for writ of mandate].) Section 19574.2, subdivision (h), requires a petition for writ of mandamus to be brought within 30 days after service of the order. The trial court's order granting in part and denying in part the writ petition was served on September 10, 2013, and the order granting in part and denying in part the motion for clarification was served on October 24, 2013. Tuckwell filed her notice of appeal on January 21, 2014, more than 30 days later. Accordingly, even if we were to construe the purported appeal as a writ petition, it was filed outside the statutory period.

Tuckwell does not argue that her purported appeal was filed within the statutory period for filing a petition under section 19574.2. Rather, she suggests that we should treat her purported appeal as a writ petition but that we should not hold her to the statutory deadline for filing a writ petition. According to Tuckwell, "Since she did not file a Writ, it is not relevant whether she met the time requirements for filing a writ." We reject this argument. Section 19475.2, subdivision (h), provides the statutory

---

516–518 [§ 19574.1], and *Shively v. Stewart* (1966) 65 Cal.2d 475, 479–480 [nonstatutory right to discovery in disciplinary proceeding].

[4] We note that Tuckwell was *successful* in persuading the trial court that she should not be limited to introducing the documents specified in the discovery order and that she should be allowed to amend her prehearing statement to identify additional documents from those she reviewed on March 8 and 15, 2013 and from those she identified and requested as a result of those reviews. While she now argues she should not have been limited to adding the documents she requested as a result of the March 8 and 15, 2013 reviews, her arguments in the trial court were directed toward her inability to introduce those documents, not other unspecified documents. Since she got what she asked for, it is difficult to see how she was aggrieved as to that issue.

authorization for Tuckwell to bring her discovery dispute to our attention, and if she is to receive its benefits, she must meet its standards.

We also note that even if the purported appeal raised matters outside the scope of section 19574.2, those matters are not ripe for review. Tuckwell contends that because part of the evidentiary hearing has already taken place, she will be unable to cross-examine witnesses fully using the newly available documents. The trial court's order and judgment provide that the Personnel Board "will retain its full usual range of discretion to require Tuckwell to provide the amended statement promptly, to evaluate the statement's adequacy and specificity, and to enter further orders, and manage the litigation before it, accordingly." Tuckwell has not yet provided an amended prehearing statement specifying additional documents, the Board has not yet evaluated the amended statement, Tuckwell has not sought to cross-examine witnesses using the available documents, and the Board has not yet exercised its discretion on the question of how Tuckwell may introduce or use any further documents. In the circumstances, we will neither presume the Board will abuse its discretion nor direct it to exercise its discretion in a particular way. (See *County of Los Angeles v. City of Los Angeles* (2013) 214 Cal.App.4th 643, 654 ["Normally, mandate will not lie to control a public agency's discretion, that is to say, force the exercise of discretion in a particular manner."].)

### III.    DISPOSITION

The appeal is dismissed.

_____

Rivera, J.

We concur:

_____

Ruvolo, P.J.

_____

Reardon, J.